**In re Paul DALEY.**

No. 09–00–394 CV.

Court of Appeals of Texas, Beaumont.

Submitted Sept. 14, 2000.

Decided Nov. 16, 2000.

Veronica C. Czuchna, Portia J. Bott, Jordan & Carmona, P.C., Austin, for relator.

Michael Ramsey, Zona Jones, John A. Cowan, Provost Umphrey Law Firm, L.L.P., Beaumont, for real party in interest.

Before WALKER, C.J., BURGESS and STOVER, J.J.

## OPINION

STOVER, Justice.

This petition for writ of mandamus requests that we compel the Honorable Milton Shuffield, Judge of the 136th District Court of Jefferson County, Texas, to vacate his August 25, 2000, order requiring Relator Paul Daley to be deposed on certain limited issues specified in the order.[1]

The mandamus proceeding arose out of a case involving a motor vehicle accident. A car driven by Donald Arnold, Jr. collided with a vehicle driven by Joe Williams, plaintiff in the underlying action. Arnold died in the collision, and Williams, along with passengers in his vehicle, was injured. Williams sued Donald Arnold, Sr. as representative of Arnold, Jr.'s estate.[2] At the

---

**1.** The order in question is contained in the case styled *Williams v. Arnold,* cause no. D– 161,252, in the 136th District Court of Jefferson County, Texas.

**2.** The passengers in Williams' vehicle inter-

time of the accident, Arnold, Jr. carried liability insurance with Lumbermens Mutual Casualty Company ("Lumbermens"), which, upon Arnold, Sr.'s motion, deposited the policy limits ($100,000.00) into the registry of the court.

In referring the case to mediation, the trial court's order stated, in pertinent part, the following:

> All attorneys of record are **OR-DERED** to attend. All individual parties, either Plaintiff or Defendant, are **ORDERED** to attend. A partner, principal, or officer of each non-individual party is **ORDERED** to attend; the person so attending must be one vested with the authority to enter into a final settlement agreement. If there is insurance, a person who has authority to decide whether insurance payments will be made must attend.
>
> . . .
>
> Counsel shall negotiate openly and knowledgeably; failure to be prepared and to negotiate knowingly and in good faith, may be treated as contempt. All individuals ordered to attend, must remain in attendance until the mediator declares the mediation concluded, subject only to recesses as declared by the mediator. Failure to appear or remain without timely seeking relief may be sanctioned as contempt. All settlement discussions shall be subject to Texas Rule of Evidence 408 and Tex.Civ.Prac. & Rem.Code 154.073. The mediation shall be governed by the Rules for Mediation attached hereto.

Daley, an employee of Lumbermens, attended the mediation on June 27, 2000, along with Veronica Czuchna, an attorney representing Lumbermens. According to Daley, he was there to assist Lumbermens in negotiating and potentially resolving the various claims against the insured's estate. In his affidavit attached to his motion to quash, Daley states he left the mediation at approximately 2:45 p.m. and "gave . . .

vened in the suit.

Czuchna authority to decide whether insurance payments would be made by Lumbermens on behalf of Donald Ray Arnold, Jr."

The next day, June 28, 2000, Williams, the real party in interest and plaintiff below, filed a notice of intent to take Daley's deposition; in response, Daley filed a motion to quash the notice. As set out in the portions of the order quoted below, the trial court overruled the motion to quash, ordered that Daley's deposition be taken, and narrowly limited the scope of the deposition questions:

> [It is] ORDERED that any questions propounded at the deposition of Paul Daley shall be limited to the sole issue of whether Paul Daley left the mediation session in this case prior to its conclusion, and whether he did so with or without the mediator's permission. . . .

Daley asks us to require the trial court to vacate this order.

■ Mandamus relief is only available to correct a "clear abuse of discretion" when there is no other adequate remedy at law. *In re Alcatel USA, Inc.*, 11 S.W.3d 173, 175 (Tex.2000) (citing *Walker v. Packer*, 827 S.W.2d 833, 839–44 (Tex.1992)). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker*, 827 S.W.2d at 839.

■ Daley first contends that any testimony or other evidence regarding whether he had the mediator's permission to leave the mediation is protected by statute in Tex.Civ.Prac. & Rem.Code Ann. §§ 154.053, 154.073 (Vernon Supp.2000). The statutes provide, in pertinent part, as follows:

**§ 154.053. Standards and Duties of Impartial Third Parties**

. . . .

(c) Unless the parties agree otherwise, all matters, including the conduct

and demeanor of the parties and their counsel during the settlement process, are confidential and may never be disclosed to anyone, including the appointing court.

## § 154.073. Confidentiality of Certain Records and Communications

(a) Except as provided by Subsections (c), (d), and (e), a communication relating to the subject matter of any civil or criminal dispute made by a participant in an alternative dispute resolution procedure, whether before or after the institution of formal judicial proceedings, is confidential, is not subject to disclosure, and may not be used as evidence against the participant in any judicial or administrative proceeding.

(b) Any record made at an alternative dispute resolution procedure is confidential, and the participants or the third party facilitating the procedure may not be required to testify in any proceedings relating to or arising out of the matter in dispute or be subject to process requiring disclosure of confidential information or data relating to or arising out of the matter in dispute.

TEX.CIV.PRAC. & REM.CODE ANN. §§ 154.053(b), (c), 154.073(a), (b) (Vernon Supp.2000). According to Daley, the confidentiality provision in § 154.053(c) precludes disclosure of all matters relating to the mediation, including conduct and demeanor of the parties and their counsel. We disagree. The statute is restricted to those matters occurring during the "settlement process." Whether Daley left the mediation prior to its conclusion without the permission of the mediator is not a matter related to the settlement process itself.

■ Daley also claims the trial court's deposition order violates section 154.073. He relies on *Texas Parks and Wildlife Dept. v. Davis*, 988 S.W.2d 370, 375 (Tex. App.—Austin 1999, pet. filed), for the proposition, as quoted below, that all communications, conversations, and records made in an ADR proceeding remain confidential.

> While a court may compel parties to participate in mediation, it cannot compel the parties to negotiate in good faith or settle their dispute. Furthermore, section 154.073 requires that communications and records made in an ADR procedure remain confidential; consequently, the manner in which the participants negotiate should not be disclosed to the trial court.

*Id.* (citations omitted). If the Austin court's holding means that *all* communications and records made in an ADR proceeding remain confidential, we do not follow it. Our interpretation of section 154.073 is not so broad as to bar all evidence regarding everything that occurs at mediation from being presented in the trial court. Rather than a blanket confidentiality rule for participants, the statute renders confidential "a communication *relating to the subject matter of any civil or criminal dispute* made by a participant in an ADR procedure." (emphasis added). We do not find the questions——whether Daley attended the mediation and whether he had the mediator's permission to leave when he did——concern the subject matter of the underlying suit or the manner in which the participants negotiated.

■ When mediation is ordered under TEX.CIV.PRAC. & REM.CODE ANN. 154.021 (Vernon 1997), the trial court may compel disputants to sit down with each other, even though it cannot force them to peaceably resolve their differences. *See Nueces County v. De Pena*, 953 S.W.2d 835, 836 (Tex.App.—Corpus Christi 1997, orig. proceeding); (citing *Decker v. Lindsay*, 824 S.W.2d 247, 250 (Tex.App.—Houston [1st Dist.] 1992, orig. proceeding)). Here, the matter in contention concerns only the procedural issue of attendance, not the subject matter of the dispute being mediated. Therefore, we hold the trial court's order is not in violation of the Alternate Dispute Resolution statute.

Daley also contends that Chapter 154 does not authorize compelling a non-party's attendance. In support of his position, he refers us to *Nueces County v. DePena,* 953 S.W.2d at 836. There, the trial court ordered that "[e]ach party, and a representative having settlement authority, shall attend the mediation...." Although the Nueces County Commissioners' Court then gave its county attorney authority to settle the lawsuit within a specified range and intended for him to represent it at the mediation conference, the trial judge, at the plaintiffs' urging, instead signed an order requiring the county judge to attend the mediation conference. Because the county judge was not a disputant or party to the suit and had not been given the authority to settle the lawsuit on the county's behalf, the Corpus Christi court concluded the trial judge abused his discretion.

The *De Pena* case is distinguishable from the instant case. Here, Daley, though a non-party, was, by his own admission, a mediation participant, who was given settlement authority by Lumbermens. Furthermore, Daley never objected to attending the mediation, either before or after the session, and voluntarily attended on behalf of his employer, Lumbermens. In so doing, he voluntarily subjected himself to the jurisdiction of the trial court in its handling of the administrative and procedural matters concerning the mediation. Daley's objection at a later date to the mediation order and the order compelling his deposition is, therefore, to no avail. *See Texas Dep't of Transp. v. Pirtle,* 977 S.W.2d 657, 658 (Tex.App.—Fort Worth 1998, pet. denied) (Trial court did not abuse its discretion in assessing costs against a party that did not file a written objection to the court's order to mediate, attended the mediation, and, once there, refused to mediate in good faith.).

Daley also makes a public policy argument in support of his request for mandamus relief. He argues that the "entire policy and purpose of Chapter 154 will be undermined if unsuccessful plaintiffs are allowed to haul non-party liability insurance representatives into depositions and require them to explain their decisions or actions during mediations on pain of contempt." We do not accept Daley's predictions of such dire consequences for the mediation process if Daley is required to submit to a deposition regarding the narrowly limited procedural questions set out in the trial court's order.

We overrule each of the issues raised in Daley's petition and deny the mandamus relief requested.

PETITION DENIED.

WALKER, Chief Justice, dissenting.

The majority denies the mandamus request; however, I would conditionally grant same. My view of this matter is that Joe Williams, the plaintiff in the underlying action and the real party in interest, does not present a justiciable issue to this Court. The trial court order authorized plaintiff to depose Mr. Daley on the limited questions of whether Mr. Daley left the mediation prior to its conclusion and whether he (Mr. Daley) left the mediation without the mediator's permission. Mr. Daley filed his affidavit with the trial court admitting that he left prior to the conclusion of mediation, but not stating whether his leaving was with or without permission of the mediator. Regarding whether Mr. Daley left without permission appears to be adequately covered by the affidavit of Veronica Carmona Czuchna, attorney for Lumbermens Mutual Casualty Company, who was in attendance during the entire mediation. In her affidavit, Ms. Czuchna stated as follows:

I attended the mediation from 9:00 a.m. until approximately 4:30 p.m., when the mediator excused the parties. At approximately 1:30 p.m., while in a separate caucus of the mediation with the mediator, Daniel Ducote, and while in my presence, Paul Daley informed Mr. Ducote that he would need to leave the mediation at approximately 2:30 p.m. in

order to catch a flight. Later, during another separate caucus with the mediator and in my presence, Mr. Daley again informed the mediator that he would need to leave the mediation at approximately 2:30 p.m. Mr. Daley departed the mediation at approximately 2:45 p.m. I accompanied Mr. Daley to his vehicle in order to retrieve my luggage from his car and place it in the vehicle of Mr. David Grove. As I accompanied Mr. Daley out of our mediation caucus room, I informed Mr. Ducote, who was standing in the hallway with Jonathan Juhan, counsel for Intervenors, and Zona Jones, counsel for Plaintiff, that I was going to the parking lot and would return within a few minutes.

Prior to his departure from the mediation, Mr. Daley gave me authority to offer Lumbermens' policy limits and to decide whether insurance payments should be made by Lumbermens on behalf of Donald Ray Arnold, Jr. in excess of policy limits. After Mr. Daley's departure from the mediation, I offered Lumbermens' policy limits on behalf of Donald Ray Arnold, Jr. to the two Intervenors and to Plaintiff. Mr. Arnold and Lumbermens reached a tentative settlement agreement with the two Intervenors within policy limits, but were unable to reach an agreement with Plaintiff Williams.

This testimony is unrebutted. Now, what legal purpose is to be served by deposing Mr. Daley on these two questions? As a matter of law, no contempt proceedings could result from such limited deposition. This is not to say I agree *in toto* with the general position Mr. Daley takes in support of his mandamus request.

The Legislature wisely enacted the ADR statutes and the overall benefits are apparent. However, cases such as the present one raise the following question: Who is in control of the ADR process? Was it legislative intent to allow the use of the process for gamesmanship, diversion, or stalling, pending more serious concerns such as jury selection? The credible answer to this question is "No." The clear intent of the ADR statutes is to create a controlled atmosphere wherein parties may resolve their legal disputes, with the emphasis being on the words "parties" and "controlled." I would venture that in most ADR matters, the "parties" are anxious to resolve their differences whereas those less directly involved may take a more aloof view of the proceedings. For example, Mr. Daley positions that, because of his status as a "non-party" (employee of Lumbermens), the Court has no power through Chapter 154 to compel his attendance. Technically, Mr. Daley is correct for the Court has no jurisdictional authority over him personally. That is not the case regarding Mr. Daley's employer, Lumbermens Insurance Company, for, indeed, the Court has necessary authority to order the attendance of those persons or entities having authority to settle, whether that be the attorneys, the parties, or those holding the settlement purse strings. Otherwise, the legislative purpose for enacting Chapter 154 is defeated, i.e., "It is the policy of this state to encourage the peaceable resolution of disputes...." TEX.CIV.PRAC. & REM.CODE ANN. § 154.002 (Vernon 1997). Further, "[i]t is the responsibility of all trial and appellate courts and their court administrators to carry out the policy under § 154.002." TEX.CIV.PRAC. & REM.CODE ANN. § 154.003 (Vernon 1997). To effectively carry out the intent and purpose of the ADR statute, courts are necessarily endowed with the power to control the ADR process to prevent misuse or abuse of such process. Effectuating the process implies the application of full judicial authority to guarantee the credibility of the process, especially where the parties have agreed to seek, through ADR, an amicable termination of the judicial process.

Though Mr. Daley did not have to personally attend the mediation, Lumbermens did—either by sending a representative with full authority to settle outside policy limits, *or* by providing said authority to its

attorney. In either circumstance, the person was required to remain through the full mediation session. In the instant case, the evidence is *undisputed* that a representative from Lumbermens, with full authority to settle in excess of policy limits, was present for the entire mediation session, as initially ordered by the trial court.

While mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles. *See Rivercenter Assocs. v. Rivera,* 858 S.W.2d 366, 367 (Tex.1993). As such, "[a] court of equity will not require the doing of a useless thing; nor will it lend its powers to accomplish a useless purpose[.]" *Boman v. Gibbs,* 443 S.W.2d 267, 272 (Tex.Civ. App.—Amarillo 1969, writ ref'd n.r.e.). As I read the entire record brought before this Court, I cannot ignore that the basis for the order to depose Mr. Daley is to ultimately determine whether he, or the defendants in the underlying litigation, should be held in contempt of court for having allegedly violated the trial court's order to mediate. Nothing in the record before this Court indicates that the trial court's order to mediate was violated in connection with Mr. Daley's departure from the mediation session. Therefore, regardless of how he would answer the two questions framed by the trial court's order to depose him, contempt simply would not ultimately lie. Thus, I stand on the time-tested maxim, *"lex non praecipit inutilia, quia inutilis labor stultus,"* which translates as "the law commands not useless things, because useless labor is foolish." BLACK'S LAW DICTIONARY 912 (6th ed.1990). Because, as I view the record before us, the trial court's order to depose Mr. Daley is a "useless thing," I would conditionally grant Mr. Daley's mandamus request, conditioned on the assumption that the trial court would voluntarily withdraw its order. Since the majority takes the opposite view, I dissent.