# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-01-00561-CV

---

**Pacesetter Pools, Inc./Pierce Homes, Inc., Appellants**

**v.**

**Pierce Homes, Inc./Pacesetter Pools, Inc., Appellees**

---

### FROM THE DISTRICT COURT OF DENTON COUNTY, 393RD JUDICIAL DISTRICT
### NO. 98-30481-393, HONORABLE SAM HOUSTON, JUDGE PRESIDING

---

Pacesetter Pools, Inc. (APacesetter@) and Pierce Homes, Inc. (APierce Homes@) were joint tortfeasors in an underlying cause of action for damage to the foundation of a home. The plaintiff prevailed in arbitration against Pierce Homes. Pierce Homes paid the arbitrator=s[1] award and sought contribution from Pacesetter. A jury found that the plaintiff=s damages were caused by the negligence of Pacesetter and Pierce Homes and attributed the negligence ninety percent to Pacesetter and ten percent to Pierce Homes. The district court rendered judgment for Pierce Homes and against Pacesetter for $193,986.80Cninety percent of the arbitrator=s awardCplus interest and court costs. The court did not award attorney=s fees.

---

[1] Texas law uses the terms Aarbiter@ and Aarbitrator@ interchangeably. *Compare, e.g.*, *J.J. Gregory Gourmet Servs., Inc. v. Antone=s Imp. Co.*, 927 S.W.2d 31, 33 (Tex. App.CHouston [1st Dist.] 1995, no writ) (using Aarbiter@), *with* the Uniform Arbitration Act, Tex. Civ. Prac. & Rem. Code Ann. '' 171.001-.098 (West Supp. 2002) (using Aarbitrator@). We will employ the statutory term.

Pacesetter appeals the award of damages, and Pierce Homes appeals the court=s denial of attorney=s fees. We will affirm the district-court judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Julie Allcox[2] sued Pacesetter and Pierce Homes for damages to a home she purchased from Pierce Homes in Flower Mound. Allcox alleged that Pacesetter and Pierce Homes had negligently designed and built the home=s foundation and swimming pool and, as a result of such negligence, she sustained damages.[3] Pierce Homes cross-claimed against Pacesetter, asserting that any construction defects were the fault of Pacesetter and that APacesetter is liable to Pierce Homes for indemnity, contribution, and for any amounts Pierce Homes may be compelled to pay to [Allcox] as a result of the occurrences made the basis of [Allcox=s] Lawsuit.@

---

[2] The suit was originally filed in the name of ARobert and Julie Stevens.@ However, during the pendency of the suit and before arbitration, the Stevenses divorced, and Julie Stevens changed her name to AJulie Allcox.@ Robert Stevens quitclaimed his interest in the home to Allcox, and she was the sole claimant in the arbitration. The district court dismissed Robert Stevens=s claims, and he is not a party to this appeal. For convenience, we will refer solely to Allcox as the plaintiff in the underlying suit.

[3] Allcox also sued Larry F. Smith, who she alleged Aparticipated in the design of the foundation and/or the construction of the foundation of the home.@ The district court rendered summary judgment for Smith, and he is not a party to this appeal.

Allcox filed a motion to compel arbitration and plea in abatement, asserting that she was entitled to have her claims against Pierce Homes arbitrated pursuant to an arbitration clause contained in a homeowner=s warranty that Pierce Homes had provided Allcox. Over Pacesetter=s objection, the district court granted the motion and abated the action pending arbitration. Pacesetter was not a party to the warranty and refused to participate in the arbitration. The arbitrator awarded Allcox $215,541, including attorney=s and expert=s fees.[4]

Pierce Homes moved to confirm the arbitrator=s award. The district court rendered an interlocutory judgment granting Pierce Homes= motion, converting the arbitrator=s award Ainto a partial judgment that is final as to [Allcox=s] claims against Pierce Homes,@ and granting Allcox judgment against Pierce Homes for the damages, fees, and expenses awarded by the arbitrator. The interlocutory judgment recited that Pierce Homes had made payments to Allcox satisfying its liability under the arbitrator=s award before the judgment=s rendition.[5]

Asserting that the arbitration award had resolved any liability they may have had to Allcox, both Pacesetter and Pierce Homes filed motions for summary judgment, asking the district court to dismiss

---

[4] The arbitrator also ordered that Pierce Homes pay $8441 for American Arbitration Association administrative fees and expenses, including $980 that had been paid by Allcox, and arbitrator=s fees of $19,832.42, including $5900 that had been paid by Allcox.

[5] The interlocutory judgment was signed by Judge Vicki Isaacks.

Allcox=s action against them.  The court granted the motions and realigned the parties, leaving only Pierce Homes= claims against Pacesetter to be adjudicated.

Pierce Homes and Pacesetter stipulated that the arbitrator=s award of $215,541 constituted the total amount of Allcox=s damages.

At trial, Pierce Homes presented three expert witnesses who testified that improper construction by Pacesetter of the swimming pool and related decking had caused water to saturate the soils under the Allcox home.  Pacesetter offered no expert testimony in opposition.  The jury returned a verdict that both Pacesetter and Pierce Homes were negligent and caused the damage to the home.  The jury apportioned the negligence ninety percent to Pacesetter and ten percent to Pierce Homes and found $81,000 to be a reasonable attorney=s fee **A**for the necessary services of Pierce Homes= attorneys in representing Pierce Homes in the arbitration action brought by [Allcox].**@**

Pacesetter filed a motion for judgment *non obstante veredicto*, asserting that there was no legal theory under which it could be held liable to Pierce Homes and, in any event, Pierce Homes was not entitled to recover attorney=s fees.  *See* Tex. R. Civ. P. 301.  The district court rendered final judgment in favor of Pierce Homes in the amount of $193,986.90**C**ninety percent of the stipulated damages**C**but did not award attorney=s fees.[6]

In three issues on appeal, Pacesetter contends that:  (1) Pierce Homes was not entitled to contribution after paying the arbitration award in full satisfaction of Allcox=s damages; (2) Pierce Homes did not have a right of subrogation under the warranty and, if it did, such right was barred by Pierce Homes=

---

[6] The final judgment was signed by Judge Sam Houston.

4

voluntarily paying the arbitration award; and (3) Pierce Homes did not have standing to assert a cause of action for negligence and, if it did, Pierce Homes waived its cause of action by not requesting that it be submitted to the jury.  Pierce Homes also appeals, contending that the district court erred in refusing to award it the attorney=s fees it incurred in defending Allcox=s claims.

## DISCUSSION

### *Standard of Review*

Whether Pierce Homes was entitled to either contribution or subrogation and whether it had standing to assert a cause of action for negligence are questions of law.  AWhen an issue turns on a pure question of law, we do not give any particular deference to legal conclusions of the trial court and apply a *de novo* standard of review.@ *Trinity Indus., Inc. v. Ashland, Inc.*, 53 S.W.3d 852, 868 (Tex. App.CAustin 2001, pet. denied) (citing *Tenet Health Ltd. v. Zamora*, 13 S.W.3d 464, 468 (Tex. App.CCorpus Christi 2000, pet. dism=d w.o.j.)).

### *Contribution*

By its first issue, Pacesetter asserts that Pierce Homes was not entitled to contribution. Contribution is allowed in Texas only among joint tortfeasors. *See Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816, 818 (Tex. 1984). Pierce Homes sought recovery under chapter 33 of the Texas Civil Practices and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. '' 33.001-.017 (West 1997 & Supp. 2002).**[7]** Subject to certain exceptions not relevant here, chapter 33 "applies to any cause of action based on tort in which a defendant, settling person, or responsible third party is found responsible for a percentage of the harm for which relief is sought." *Id.* ' 33.002(a). Generally, a defendant may be liable to a claimant "only for the percentage of damages found by the trier of fact equal to the defendant=s percentage of responsibility with respect to the . . . harm for which damages are allowed." *Id.* ' 33.013(a). A defendant who "pays a percentage of the damages . . . greater than his percentage of responsibility . . . has a right of contribution for the overpayment against each other liable defendant" to the extent that the other defendant has not paid the amount equal to his percentage of responsibility. *Id.* ' 33.015(a). Pierce Homes argued that because it paid all of Allcox=s damages, as awarded by the arbitrator and stipulated by the parties to this appeal, and the jury found that those damages were ninety percent attributable to the negligence of Pacesetter, Pierce Homes could recover from Pacesetter ninety percent of the damages that it paid Allcox. The district court agreed and rendered judgment accordingly.

---

**[7]** Pacesetter, in its brief, states that Pierce Homes asserted other theories of contribution in the district court, but the only theory under which it could recover is that found in chapter 33 of the Texas Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. '' 33.001-.017 (West 1997 & Supp. 2002). Because, in this Court, Pierce Homes briefs and argues a right to contribution only under chapter 33, we will not discuss other theories of contribution.

Pacesetter recognizes that chapter 33 might provide Pierce Homes with a right of contribution but asserts that Pierce Homes waived any such right. Pacesetter bases its assertion on the fact that Pierce Homes paid the arbitration award. Pacesetter contends that the arbitration award is no different from a settlement, as it was paid in full before the district court=s confirming the award or conducting a trial to determine contribution. Pacesetter points out that Pierce Homes did not seek to vacate the arbitration award, nor did it await trial on the remaining issues in the cause, including the issue of whether, based on proportionate responsibility, Pierce Homes was jointly and severally liable for Allcox=s entire award.

The civil practice and remedies code does not include a definition of either Asettled@ or Asettlement.@ Section 33.011(5) defines Asettling person@ as Aa person who at the time of submission has paid or promised to pay money or anything of monetary value to a claimant at any time in consideration of potential liability.@ *Id*. ' 33.011(5). In reviewing the meaning of Asettled@ or Asettlement,@ the Texas Supreme Court has held Athat >settlement,= as used in the comparative-responsibility law, means money or anything of value paid or promised to a claimant in consideration of potential liability.@ *C & H Nationwide, Inc. v. Thompson*, 903 S.W.2d 315, 319 (Tex. 1994).

On Allcox=s motion, the district court ordered her claims against Pierce Homes to arbitration pursuant to a binding arbitration agreement. Arbitration is not settlement. An arbitrator=s award has the same effect as a judgment of a court of last resort. *Holk v. Biard*, 920 S.W.2d 803, 806 (Tex. App.CTexarkana 1996, orig. proceeding [leave denied]); *J.J. Gregory Gourmet Servs., Inc. v. Antone=s Imp. Co.*, 927 S.W.2d 31, 33 (Tex. App.CHouston [1st Dist.] 1995, no writ). Furthermore, a trial court reviewing an arbitrator=s award may not substitute its judgment for the arbitrator=s merely because it would

7

have reached a different decision. *Riha v. Smulcer*, 843 S.W.2d 289, 292-94 (Tex. App.CHouston [14th

Dist.] 1992, writ denied) (citing *Bailey & Williams v. Westfall*, 727 S.W.2d 86, 90 (Tex. App.CDallas

1987, writ ref=d n.r.e.)).  The grounds for vacating an arbitrator=s award are limited to those situations

where:  (1) the award was the product of corruption, fraud, or undue influence; (2) a party was prejudiced

by the evident partiality, misconduct, or willful behavior of the arbitrator; (3) the arbitrator exceeded his

powers; (4) the arbitrator refused to postpone the hearing, refused to hear evidence material to the

controversy, or otherwise conducted the hearing so as to substantially prejudice the rights of a party; or (5)

if there was no arbitration agreement, the issue was not adversely determined in a proceeding to compel or

stay arbitration, and the complaining party participated over objection.  *See* Act of May 29, 1965, 59th

Leg., R.S., ch. 689, ' 1, 1965 Tex. Gen. Laws 1593, 1601, *repealed and recodified by* Act of May 8,

1997, 75th Leg., R.S., ch. 165, ' 5.01, 1997 Tex. Gen. Laws 325, 334 (former Tex. Rev. Civ. Stat. arts.

224-238-6, current version at Tex. Civ. Prac. & Rem. Code Ann. ' 171.088 (West Supp. 2002)); *J.J.*

*Gregory Gourmet Servs.*, 927 S.W.2d at 33.  Pacesetter does not assert the existence of any such ground

but, rather, argues that A[b]ecause Pierce Homes voluntarily paid the arbitration award without seeking to

vacate the award . . . [it] must be viewed as a settling defendant.@  Our review of the record reveals nothing

that would compel the overturning of the award.  The law does not require the performance of useless acts.

 *See Bailey v. Brodhead*, 838 S.W.2d 922, 925 (Tex. App.CAustin 1992, no writ) (finding no justification

to construe provision of insurance code to require performance of a Apotentially useless act@); *In re Daley*,

29 S.W.3d 915, 921 (Tex. App.CBeaumont 2000, orig. proceeding) (Walker, C.J., dissenting) (A>*[L]ex*

*non praecipit inutilia, quia inutilis labor stultus*,= which translates as >the law commands not useless

things, because useless labor is foolish.≡@).  We will not equate a party who suffers an adverse arbitrator=s award to a settling person.

Section 33.016(b) grants a right of contribution only to a Aliable defendant.@ *Id.* ' 33.016(b).  A liable defendant is Aa defendant against whom a judgment can be entered for at least a portion of the damages awarded to the claimant.@ *Id.* ' 33.011(3).  The interlocutory judgment against Pierce Homes did not absolve Pacesetter of liability to Allcox.  The judgment established the total amount of damages due Allcox and found that Pierce Homes was liable for such damages pursuant to its warranty.  The interlocutory judgment did not attempt to determine negligence culpability between Pierce Homes and Pacesetter.  Both parties, in their respective motions for summary judgment against Allcox, invoked the Aone-satisfaction rule,@ asserting that Allcox could not seek damages beyond those awarded in the interlocutory judgment.  *See Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 5 (Tex. 1991) (A[A]n injured party is entitled to but one satisfaction for the injuries sustained by [her].@).  What remained, after the district court granted the motions for summary judgment, was for the court to apportion Allcox=s damages between the two remaining parties to the extent that each was a tortfeasor as to Allcox.  Pierce Homes satisfies the definition of a liable defendant.  The court=s ruling did not mean that Pierce Homes was not liable for at least a portion of Allcox=s tort damages; its effect was that Allcox could recover, *in toto*, no more than the arbitrator=s award.

Under the facts presented by this case, we hold that, pursuant to chapter 33 of the civil practice and remedies code, Pierce Homes is not a settling person but is a liable defendant.  Thus, Pierce Homes did not waive its right to seek contribution against Pacesetter.  We overrule Pacesetter=s first issue.

9

*Subrogation and Negligence*

By its second and third issues, Pacesetter posits that Pierce Homes has no subrogation rights and may not recover under a theory of negligence unless it suffered damage to a property interest. Because we have held that Pierce Homes was entitled to recovery against Pacesetter for contribution, we need not consider whether Pierce Homes was also entitled to recovery through subrogation or negligence. Additionally, in its brief to this Court, Pierce Homes waives any recovery based on the jury=s negligence finding. We thus do not consider Pacesetter=s second and third issues. *See* Tex. R. App. P. 47.1 (opinions to be as brief as practicable).

*Attorney=s Fees*

Pierce Homes appeals the district court=s refusal to award the attorney=s fees it incurred in defending the arbitration demanded by Allcox and ordered by the court. The court asked the jury to determine the reasonable attorney=s fees incurred by Pierce Homes Ain the arbitration action brought by [Allcox].@ The jury responded, A$81,000.00.@ However, the district-court judgment is silent as to attorney=s fees.

The availability of attorney=s fees is a question of law. *Cf. Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94-95 (Tex. 1999) (AThe availability of attorney=s fees under a particular statute is a question of law for the court.@). We apply a *de novo* standard of review to questions of law. *Trinity Indus.*, 53 S.W.3d at 868.[8]

---

[8] The parties join issue here over whether the district court erred in granting Pacesetter=s motion for

judgment *non obstante veredicto* with regard to the jury=s finding of the amount of reasonable attorney=s fees incurred by Pierce Homes in defending the arbitration. *See* Tex. R. Civ. P. 301. Because the availability of attorney=s fees is a question of law, Athe jury=s finding about the *amount* of reasonable attorney=s fees is immaterial to the ultimate legal issue of whether such fees are recoverable . . . .@ *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 95 (Tex. 1999). When the trial court disregards a jury=s finding on an immaterial issue, the resulting judgment is not considered as one rendered *non obstante veredicto. T. A. Manning & Sons, Inc. v. Ken-Tex Oil Corp.*, 418 S.W.2d 324, 326 (Tex. Civ. App.CAustin 1967, writ ref=d n.r.e.); *Kuehnhoefer v. Welch*, 893 S.W.2d 689, 692 (Tex. App.CTexarkana 1995, writ denied).

Generally, attorney=s fees may not be recovered Aunless provided for by statute or by contract between the parties.@ *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex. 1992). There is no contract between Pierce Homes and Pacesetter that would allow the recovery of attorney=s fees, nor does the contribution statute at issue provide for such recovery. *See* Tex. Rev. Civ. Stat. Ann. '' 33.001-.017 (West 1997 & Supp. 2002). Attorney=s fees may not be recovered in tort cases. *Knebel v. Capital Nat=l Bank*, 518 S.W.2d 795, 803-04 (Tex. 1974). Pierce Homes, however, relying on *Lesikar v. Rappeport*, 33 S.W.3d 282 (Tex. App.CTexarkana 2000, pet. denied) and *Baja Energy, Inc. v. Ball*, 669 S.W.2d 836 (Tex. App.CEastland 1984, no writ), argues that it was entitled to attorney=s fees because it was required to defend the arbitration as a consequence of Pacesetter=s wrongful act in negligently constructing Allcox=s pool and decking. Thus, Pierce Homes reasons, its attorney=s fees incurred in the arbitration are recoverable as actual damages. *See Massey v. Columbus State Bank*, 35 S.W.3d 697, 701 (Tex. App.CHouston [1st Dist.] 2000, pet. denied) (A[E]quitable principles may allow the recovery of attorney=s fees and other litigation expenses >where a party was required to prosecute or defend the previous suit as a consequence of the Awrongful act@ of the defendant.=@) (quoting *Baja Energy*, 669 S.W.2d at 838-39); *GXG, Inc. v. Texacal Oil & Gas*, 977 S.W.2d 403, 424 (Tex. App.CCorpus Christi 1998, pet. denied) (citing *Baja Energy*, 669 S.W.2d at 838-39).

Pacesetter responds that Pierce Homes= theory of recovery is inapplicable because the equitable recovery of attorney=s fees is premised on the prior litigation=s arising *solely* from the wrongful act of the party against whom the fees are sought. Here, because the jury found that Allcox=s damages were caused by the negligent conduct of *both* Pierce Homes and Pacesetter, equitable principles do not allow

Pierce Homes to recover its previously incurred attorney=s fees as damages. *See Dayton Hudson Corp. v. Eldridge*, 742 S.W.2d 482, 488 (Tex. App.CDallas 1988, writ denied). The *Eldridge* court denied recovery because the party seeking to recover was Anot an innocent party forced to incur costs and expenses, including attorney=s fees, to be treated as the legal consequences of some original wrongful act of another and permitted to be recovered as damages.@ *Id.* Distinguishing *Baja Energy*, the court of appeals held that to recover attorney=s fees against a third party for defending a claim against another, the claimant must be a Awholly innocent party@ brought into the action solely as a result of the conduct of the third party. *Id.*

The case now before us is likewise distinguishable from *Baja Energy* and the cases that follow it. Baja Energy, the operator of an oil and gas well, contracted with Ball to plug the well. The contract provided that Baja was the owner of the well and would defend title to it. *Baja Energy*, 669 S.W.2d at 837. However, before the well was plugged, Baja, on behalf of the true owner of the well, assigned the lease to another, thus rescinding the plugging contract. *Id.* Baja did not notify Ball of the assignment, and Ball proceeded to perform the contract, resulting in his being sued by the new owner for trespass and conversion. *Id.* at 837-38. The court of appeals held that Baja Aacted wrongfully in unilaterally rescinding the contract without notice to Ball@ and that, absent such wrongful act, Ball would not have been forced to defend the subsequent suit. *Id.* at 839. Thus, Ball was allowed to recover his litigation expenses, including attorney=s fees, from Baja. *Id.*

*Lesikar*, the other case on which Pierce Homes relies, is of questionable applicability. In *Lesikar* the defendants wrongfully transferred operations of an oil and gas lease, forcing the plaintiff to

13

contest the transfer before the Texas Railroad Commission. *Lesikar*, 33 S.W.3d at 306. The trial court awarded the plaintiff her attorney=s fees incurred in Acorrecting the wrongful conduct.@ *Id.* The court of appeals observed that the attorney=s fee award was challenged Aon several grounds,@ but only addressed the plaintiff=s failure to present expert testimony to the trial court regarding the reasonableness and necessity of the fees. *Id.* The court reversed the attorney=s fee award. *Id.* at 308. With regard to the issue now before this Court, the court did no more than observe that Aattorneys= fees incurred in prior litigation with a third party are recoverable in a subsequent suit as actual damages.@ *Id.* at 306 (citations and footnote omitted).

Here, Allcox alleged negligence against both Pierce Homes and Pacesetter, and the jury found that both were in fact negligent to some degree. We hold that the district court, under the circumstances presented by this case, did not err in refusing to award against Pacesetter the attorney=s fees incurred by Pierce Homes in defending Allcox=s arbitration claim. We overrule Pierce Homes= issue.

## CONCLUSION

We affirm the district-court judgment.

_____

Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

14

Filed:   October 17, 2002

Publish