In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-218 CV


____________________



HUEY P. HARRIS d/b/a HUEY P. HARRIS LAND & TIMBER CO., Appellant



V.



JOHNNIE TAUBER, Appellee






On Appeal from the 136th District Court


Jefferson County, Texas


Trial Cause No. D-166,115






MEMORANDUM OPINION (1)


 In this action, Huey P. Harris, d/b/a Huey P. Harris Land & Timber Company,
("Harris") sought recovery of $49,481.06, plus attorney's fees of $8,914.09, from Johnnie
Tauber, arising out of a lawsuit and execution of judgment against Harris in Nelson v. Huey
P. Harris, et al., Cause No. 16,652, 88th Judicial District Court, Tyler County, Texas, as
affirmed by this Court in Cause No. 09-00-055 CV, and reported in 25 S.W.3d 917, 924. 
Tauber was not represented by counsel in the trial court, and has filed no brief on appeal. 
 After a bench trial, the trial court granted a take nothing judgment in favor of
Tauber and against Harris. For the reasons stated herein, the judgment of the trial court
is affirmed. In Harris v. Nelson, 25 S.W.3d 917 (Tex. App.--Beaumont 2000, no pet.),
Jacqueline Rae Nelson sued Harris for cutting timber on her property without her
permission. Nelson was the owner of approximately fifty-three (53) acres of land, which
she agreed to sell to Johnnie Tauber, with financing provided by the Texas Veterans Land
Board. The Land Board cancelled its contract when Tauber's earnest money check was
returned for insufficient funds. In the meantime, Tauber contacted Harris about cutting
and removing timber from the Nelson property. A crew working for Harris cut the timber
from the property, and sold the timber to a mill for approximately $16,000. Id. at 919. The
trial court awarded judgment to Nelson for three times the market value of the timber,
plus punitive damages. Id. On appeal, the punitive damages award was reversed, and the
trial court's judgment of $48,778.92, prejudgment interest of $702.14, and post-judgment
interest of ten (10%) percent was affirmed. Id. at 923-24. 

 Harris raises five issues for our consideration. Issue One complains of the trial
court's first finding of fact, i.e., that Tauber was an indispensable party to the original suit,
Nelson v. Harris, supra. We agree that Tauber was not an indispensable party. However, an
incorrect finding of fact does not warrant reversal on appeal if the judgment is otherwise
correct. Loera v. Interstate Inv. Corp., 93 S.W.3d 224, 229 (Tex. App.--Houston [14th Dist.]
2002, pet. denied). Issue One is overruled. 

 In Issue Two, Harris challenges the trial court's finding of fact that plaintiff and
defendant never entered into a written contract for removal of the timber in question. 
Harris does not challenge this factual finding per se, but contends it is not relevant to his
claims. If that is so, it cannot be reversible error for the court to include this as a finding
of fact. Harris's assertion that the court may have been relying on the defense of the
Statute of Frauds is both speculative and irrelevant. Issue Two is overruled. 
 In Issue Three, Harris contends Findings of Fact Numbers Two and
Three, to wit, that both Harris and his agent, Marshall, were advised that the true owner
of the property, Nelson, did not want the timber cut, and, that, if plaintiff is believed, the
true owner did, in fact, tell them she wanted the timber cut, were not relevant to his cause
of action for misrepresentation. We note that in his brief, Harris variously contends that
his action was one for: (1) misrepresentation; (2) breach of contract; and (3) negligent
misrepresentation. However, Harris's petition does not state a claim for relief based on
either breach of contract or negligent misrepresentation. It is axiomatic that a plaintiff
must plead and prove facts sufficient to support a judgment in the trial court. Failure to do
so limits the appellate court's authority to grant relief. We do not consider these arguments
in this opinion. 

 Harris's petition does allege a misrepresentation that caused him to perform an act
which resulted in a judgment against him. However, there was no allegation that Tauber
either knew the representation was false, or that he made the statement recklessly without
any knowledge of its truthfulness. These are essential elements in an action for
misrepresentation/fraud. Gaspard v. Beadle, 36 S.W.3d 229, 235 (Tex. App.--Houston [1st
Dist.] 2001, pet. denied). Further, Harris was required to plead and prove that his reliance
on the statement was actual and justifiable. Stanley v. Wal-Mart Stores, Inc., 839 F.Supp. 430,
434 (N.D. Tex. 1993)(applying Texas law). He did not. Issue Three is overruled.

 In Issue Four, Harris contends the trial court erred in failing to enter certain
findings of fact as he proposed. The most significant of these proposed factual findings are:
that Tauber represented to Harris that he had authority to enter into a timber-cutting
agreement with Harris on the land in question; that Tauber's representation was false; and
that Harris cut, removed and sold the timber in question in reliance upon Tauber's
representation. 

 We note that as an appellate court, we review the trial court's findings of fact
following a bench trial using the same standards as used to review the factual sufficiency
of evidence supporting a jury's verdict. Patel v. Ambassador Drycleaning & Laundry Co., Inc.,
86 S.W.3d 304, 307-08 (Tex. App.--Eastland 2002, no pet.). As the trier of fact in a bench
trial, it is the trial court's province to determine the credibility of the witnesses and the
weight to be given to their testimony, to believe or disbelieve all or any part of the
testimony, and to resolve any inconsistencies in the testimony. The court of appeals
should not re-weigh the evidence and set aside the trial court's finding merely because it
is of the opinion that a different result is more reasonable. Id. at 308. Issue Four is
overruled. 

 In Issue Five, Harris contends the trial court erred in concluding that he did not
have a viable cause of action. Harris's pleadings and assertions made in the trial court
indicate he was attempting to sue for contribution and indemnity. 

 Contribution is allowed in Texas only among joint tortfeasors. See Bonniwell v. Beech
Aircraft Corp., 663 S.W.2d 816, 818 (Tex. 1984); Pacesetter Pools, Inc. v. Pierce Homes, Inc., 86
S.W.3d 827, 831 (Tex. App.--Austin 2002, no pet.). In order for Harris to have a right to
seek contribution against Tauber, Tauber must have some real or potential liability in
damages to the owner of the land. See Tex. Civ. Prac. & Rem. Code Ann. 33.016(a)
(Vernon 1997). A defendant's claim of contribution is derivative of the plaintiff's right to
recover from the joint defendant against whom contribution is sought. Shoemake v. Fogel,
LTD., 826 S.W.2d 933, 935 (Tex. 1992). Harris did not establish that Tauber knew of the
owner's withdrawal of consent or that Tauber did anything to cause the cutting of the
timber after the owner withdrew her consent. As such, Harris did not carry his burden of
proof to establish Tauber's liability to the owner for the cut. Nor did Harris establish any
other contractual, statutory, or common law right to indemnity or contribution. See Astra
Oil Co., Inc. v. Diamond Shamrock Ref. Co., L.P., 89 S.W.3d 702, 706 (Tex. App.--Houston
[1st Dist.] 2002, pet. denied). The trial court concluded Harris failed to establish any
viable cause of action against Tauber; not surprisingly, since no testimony before this trial
judge countered Tauber's testimony. Issue Five is overruled. 

 The trial court properly concluded that Harris had failed to plead and prove a 
viable cause of action. When the findings of the trial court are sufficient to support
judgment under any applicable legal theory and no reversible error is otherwise presented,
the judgment must be affirmed. Sacks v. Dallas Gold & Silver Exch., Inc., 720 S.W.2d 177,
180 (Tex. App.--Dallas 1986, no writ). See also Grider v. Boston Co., Inc., 773 S.W.2d 338,
341 (Tex. App.--Dallas 1989, writ denied). The judgment of the trial court is affirmed. 

 AFFIRMED.


 ______________________________

 STEVE MCKEITHEN

 Chief Justice


Submitted on December 24, 2003

Opinion Delivered May 6, 2004

Before McKeithen, C.J., Burgess and Gaultney, JJ.




DISSENTING OPINION


 I respectfully dissent. The majority, in issue five, affirms the trial court's ruling that
Harris did not have a viable cause of action. They note: "[T]he trial court concluded Harris
failed to establish any viable cause of action against Tauber; not surprisingly, since no
testimony (emphasis mine) before this trial judge countered Tauber's testimony." This
statement is correct, in so far as it goes. It is true, there was no testimony, but there was
evidence. The evidence was plaintiff's exhibit one - a copy of this court's decision in Harris
v. Nelson, 25 S.W.3d 917 (Tex. App.--Beaumont 2000, no pet.), admitted without objection. (2) 
 This evidence is unique. What is its import; its significance, its relevance? On the
one hand, insofar as it states the law, it is simply a statement of the legal principles, much
like a treatise. (3) On the other hand, from a factual viewpoint, it is classic hearsay. (4) Under
Tex. R. Evid. 802, hearsay is not admissible except as provided by statute or these rules or
by other rules prescribed pursuant to statutory authority. However, inadmissible hearsay
admitted without objection shall not be denied probative value merely because it is hearsay. 
Therefore, under the rule, the factual statements in the opinion have probative value. 
Apparently, this is what the trial judge did not consider, nor does the majority consider it
now. (5)

 I will not lengthen this dissent by setting out all the evidentiary foundation for the
contribution cause of action contained in the previous opinion. From the opinion, it is clear
Ms. Nelson did not give anyone, Tauber or Harris, consent to cut the timber; yet Tauber
maintained to Harris there was consent to harvest the timber. Consequently Tauber and
Harris are joint tortfeasors and Harris has a viable cause of action against Tauber for
contribution. (6)
 Therefore, I would reverse and remand on this issue alone.

 Regarding issue number one, the majority quite correctly finds that Tauber was not
an indispensable party in the Nelson v. Harris litigation. It is likely that the trial court's
conclusion that Tauber was an indispensable party was a contributing factor to the court's
final take-nothing judgment. For this additional reason, I would reverse and remand.

 ____________________________

 DON BURGESS

 Justice

Opinion Delivered

May 6, 2004
1. Tex. R. App. P. 47.4.
2. This is the first time, in the almost twenty years I have served, this court has seen an
appellate opinion introduced into evidence.
3. The use of the word "treatise" is by analogy only; there is no inference the opinion
rises to the level of a "treatise." 
4. Tex. R. Evid. Rule 801. Definitions

(d) Hearsay. 'Hearsay' is a statement, other than one made by the declarant while testifying
at the trial or hearing, offered in evidence to prove the truth of the matter asserted.
5. Apparently Harris' attorney was relying upon the opinion as factual evidence since
he produced no other evidence. 
6. "Contribution is allowed in Texas only among joint tortfeasors." Pacesetter Pools,
Inc. v. Pierce Homes, Inc., 86 S.W.3d 827, 831 (Tex. App.--Austin 2002, no pet.) (citing
Bonniwell v. Beech Aircraft Corp., 663 S.W.2d 816, 818 (Tex. 1984)).