Opinion filed January 30, 2014



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00258-CV

_____

## MITZIE F. TARIN AND MARIA FLORES, Appellants

## V.

## ELIAZER BENAVIDES, BELINDA BENAVIDES, ENRIQUE RUBIO, CORINA RUBIO, AND LELAND V. MAPLES, Appellees

**On Appeal from the 161st District Court**
**Ector County, Texas**
**Trial Court Cause No. B-126,827**

### MEMORANDUM OPINION

Appellants, Mitzie F. Tarin and Maria Flores, appeal from a judgment in which the trial court awarded funds held in the registry of the court, entered judgment against Appellants for attorney's fees, and dismissed the bodily injury claims of Tarin's minor child. The funds held in the trial court's registry were settlement proceeds that were part of the Mediated Settlement Agreement (the Agreement) that the parties had executed to settle property-damage claims that

arose from an automobile accident.  We affirm in part and reverse and render in part.

## I. *Background Facts and Procedural History*

On November 18, 2008, vehicles being driven by Tarin and Leland V. Maples collided with each other.  Tarin drove a Trans Am that collided with Maples's Windstar van.  Tarin's vehicle[1] then struck Enrique and Corina[2] Rubio's building, which housed Eliazer and Belinda Benavides's dry cleaning business.  The Benavideses sued Tarin and Maples for damage to their business; later, the Rubios and others sued.  The trial court ordered all parties to mediation; at mediation, the parties executed the Agreement.

Under the Agreement, no preset settlement amounts were included, and the parties agreed that the trial court would resolve competing claims for the $50,056 interpleaded as settlement funds.  The parties stated in the Agreement that $50,056 constituted the combined "full policy limits for property damage" from the automobile liability insurance policies of Tarin and Maples.[3]  The Agreement required the parties to submit their claims or settlement funds as a "plea" or "interpleader," respectively, but provided no deadline to do so.  Per the Agreement, settlement funds of $50,056 were deposited into the trial court's registry on September 29, 2010.  In two subsequent orders, the trial court granted motions to withdraw the funds and to dismiss the causes of action filed by the Benavideses

---

[1]It is not clear whether the vehicle being driven by Tarin belonged to Tarin or Flores, who is Tarin's mother.  Flores said that she had given Tarin the Trans Am, but Flores held record title.

[2]We note that we have received notice that Corina Rubio passed away after the trial court rendered judgment.  *See* TEX. R. APP. P. 7.1(a)(1).

[3]The Agreement related to property damage only; it did not address liability or damages for any personal injuries, for which separate policy limits applied.  *See* former TEX. TRANSP. CODE § 601.072(a) (2007) (which was in effect from April 1, 2008, through December 31, 2010, and which required the following minimum amounts of motor vehicle liability insurance coverage: $25,000 per person for bodily injury, $50,000 per accident for bodily injury, and $25,000 per accident for property damage).

and the Rubios. In these orders, the trial court ordered that $45,056 of the funds in the court's registry be released to the Benavideses and that $5,000 of those funds be released to the Rubios.

On November 19, 2010, Tarin, individually and as next friend of her minor daughter, Kirah V. Tarin, filed a plea in intervention for personal injury damages because the daughter was a passenger in the Trans Am. According to the plea in intervention, "Maples has settled this case for **$6,500.00** to benefit the minor," and Tarin, as next friend, sought a formal hearing in a "Friendly Suit" to finalize the matter. We note that the record does not indicate that any hearing was held. On November 30, 2010, the day after the trial court entered the order releasing $45,056 to the Benavideses, Flores filed an original petition against Maples for property damage to the Trans Am.

The Benavideses subsequently filed a response to Tarin's and Flores's pleadings for property damages. In their response, the Benavideses also counterclaimed for declaratory judgment. They sought a declaration concerning the applicability of the statute of limitations to Flores's and Tarin's claims for property damage, a declaration regarding the parties' compliance with the Agreement, and attorney's fees.

The trial court ultimately entered a final judgment in which it found that Tarin's and Flores's claim for property damages were barred by the statute of limitations; dismissed the cause of action filed by Tarin for the minor's personal injuries; and awarded attorney's fees, for which Tarin and Flores are jointly and severally liable, to the Benavideses in the amount of $12,012.90 plus an additional $5,000 for an appeal.

## II. *Issues Presented*

Appellants present three points of error on appeal. First, Appellants contend that the trial court erred in ignoring the Agreement and releasing the funds.

3

Second, they argue that the trial court erred when it awarded attorney's fees to the Benavideses under the guise of declaratory relief. Third, Appellants assert that the trial court erred when it denied Appellants' "Motion for Enforcement" of the Agreement without holding a hearing. We note that Appellants do not complain on appeal that the trial court erred when it dismissed the cause of action relating to the minor's personal injuries.

### III. *Limitations and Award of Funds Under the Agreement*

The Agreement was signed by the Benavideses, their attorney, the Rubios, Flores, Tarin, the attorney for Flores and Tarin, and the attorney for Maples. The Benavideses and the Rubios timely filed pleadings against Tarin, Maples, and Flores. Until Flores filed her original petition on November 30, 2010, neither Tarin nor Flores had filed any pleading that sought recovery for property damages or that sought recovery of a portion of the funds in the court's registry. The Benavideses raised the statute of limitations to any claims for property damages made by Tarin and Flores. The trial court made findings regarding the limitations issue and concluded that the claim for property damages made in Flores's November 30, 2010 original petition was filed after the expiration of the applicable two-year statute of limitations and "is barred by the Statute of Limitations and is denied." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West Supp. 2013).

On appeal, Appellants do not challenge the trial court's findings as to limitations. Based upon the unchallenged ground of limitations, Appellants are barred by limitations from asserting their claims for property damages and, therefore, have no justiciable interest in the settlement funds. *See BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 73 (Tex. 2011) (holding that appellate court erred in reversing trial court's judgment on ground that was contrary to the jury's unchallenged finding regarding limitations). Because Appellants have no justiciable interest in the property-damage settlement funds, we need not address

4

any complaint made by Appellants regarding the trial court's award of those funds to others. *See* TEX. R. APP. P. 47.1. Appellants' first and third points of error are overruled.

IV. *Declaratory Judgment and Attorney's Fees*

In their second point of error, Appellants contend that the trial court erred in awarding attorney's fees. The underlying suit was a negligence action for property damage resolved by the Agreement. Attorney's fees are not recoverable in a tort case. *Pacesetter Pools, Inc. v. Pierce Homes, Inc.*, 86 S.W.3d 827, 834 (Tex. App.—Austin 2002, no pet.) (citing *Knebel v. Capital Nat'l Bank in Austin,* 518 S.W.2d 795, 803–04 (Tex. 1974)). Attorney's fees also are not recoverable in Texas unless allowed by contract or by statute. *Oscar M. Telfair, III, P.C. v. Bridges*, 161 S.W.3d 167, 170 (Tex. App.—Eastland 2005, no pet.) (citing *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex. 1992)). The Agreement did not authorize attorney's fees and did not provide for any payment of attorney's fees from registry funds.

The Benavideses filed a declaratory judgment action in which they sought to recover attorney's fees. The Benavideses sought declarations concerning the applicability of the statute of limitations to Flores's and Tarin's claims for property damage, a declaration regarding the parties' compliance with the Agreement, and attorney's fees. A trial court has the power under the Declaratory Judgments Act to declare rights, status, and other legal relations. TEX. CIV. PRAC. & REM. CODE ANN. § 37.003 (West 2008). But the Declaratory Judgments Act is not available to settle disputes that are already pending before a court. *Tex. Liquor Control Bd. v. Canyon Creek Land Corp.,* 456 S.W.2d 891, 895 (Tex. 1970) (stating that "an action for declaratory judgment will not be entertained if there is pending, at the time it is filed, another action or proceeding between the same parties and in which may be adjudicated the issues involved in the declaratory action"); *Hitchcock*

5

*Props., Inc. v. Levering*, 776 S.W.2d 236, 239 (Tex. App.—Houston [1st Dist.] 1989, writ denied); *Heritage Life Ins. Co. v. Heritage Group Holding Corp.*, 751 S.W.2d 229, 235 (Tex. App.—Dallas 1988, writ denied); *Joseph v. City of Ranger*, 188 S.W.2d 1013, 1014 (Tex. Civ. App.—Eastland 1945, writ ref'd w.o.m.). "[T]he rule is that a party cannot use the Act as a vehicle to obtain otherwise impermissible attorney's fees." *MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 669 (Tex. 2009).

A careful review of fee statements provided by the Benavideses' counsel and admitted as evidence at the August 24, 2011 hearing indicated that the fees were for the prosecution of the tort case and the defense of the disbursement award ordered by the court. The Benavideses' request for declaratory judgment was nothing more than an attempt to circumvent the prohibition of an award of attorney's fees in a negligence case. We sustain Appellants' second point of error.

V. *This Court's Ruling*

We reverse the judgment of the trial court insofar as it awarded attorney's fees to the Benavideses, and we render judgment that the parties are not entitled to attorney's fees. We affirm the judgment of the trial court in all other respects.


MIKE WILLSON

JUSTICE


January 30, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.