**FROZEN FOOD EXPRESS INDUSTRIES, INC.,**
Relator

v.

**The Honorable Gerald GOODWIN,**
Respondent.

No. 09–96–076 CV.

Court of Appeals of Texas,
Beaumont.

May 2, 1996.

Charles T. Frazier, Jr., David L. Sargent, John M. Pease, Cowles & Thompson, P.C., Dallas, for relator.

Scott Thrash, Lufkin, Clayton E. Dark, Jr., Lufkin, Keith Hampton, Hampton & Rawlings, Houston, George E. Chandler, Lufkin, James A. Bufkin, Fenley & Bate, Lufkin, for respondent.

Before BURGESS, STOVER & CARR, JJ.

## OPINION

CARR, Justice, Sitting by Assignment.*

Relator, Frozen Food Express Industries, Inc., (FFE), has filed a Motion for Leave to File an Amended Petition for Writ of Mandamus seeking relief from an order entered by respondent in the underlying suit which denied Relator's Motion and Supplemental Motion to Quash and for Protective Order regarding the deposition of relator's chief executive officer (CEO) and chairman of the board, Stoney M. (Mit) Stubbs, Jr.

The sole issue presented is whether the District Court Judge's order improperly required the production of an "Apex" witness, Mr. Stubbs, for an unrestricted deposition in violation of the guidelines of *Crown Central Petroleum Corp. v. Garcia*, 904 S.W.2d 125 (Tex.1995).

The underlying suit involves personal injury claims by the plaintiffs, real parties in interest herein, stemming from a collision between two tractor-trailers in which it is alleged that, while FFE's tractor-trailer blocked all five lanes of street traffic when making an unsafe U-turn, an approaching log truck collided into the rear of FFE's trailer and then ran off the road, careening into a small roadside cafe called "Mom's Diner" and injuring the plaintiffs inside.

The plaintiffs claim the drivers of the two tractor-trailers were negligent and grossly negligent, and that FFE is vicariously liable for its driver's negligence and/or is independently negligent in entrusting the vehicles to its driver and/or in violating certain regulations of the U.S. Department of Transportation.

Since the lawsuit was filed, the parties[1] have propounded written discovery and the plaintiffs have deposed four individuals regarding liability: two drivers employed by defendant Great Western Express, FFE's Liability Claim Manager, and defendant Lisa Motor Lines, Inc.'s Safety Director. Plaintiffs have never noticed a "corporate representative" of FFE for deposition.

On March 1, 1996, plaintiffs noticed the deposition of Mr. Stubbs for March 22, 1996 to be taken in Lufkin, Texas. The notice was a general one, and did not specify the areas of inquiry over which plaintiffs' seek to depose Mr. Stubbs.

In response to the notice of deposition of Mr. Stubbs, FFE timely filed a Motion to Quash and for Protective Order. FFE attached the affidavit of Mr. Stubbs to the motion. The affidavit states Mr. Stubbs is the CEO and chairman of the board of FFE; that he does not have personal knowledge of each employee's job duties or performance; and that he does not have any knowledge of relevant facts regarding the incident giving rise to the underlying suit independent of others. The primary basis for the Motion to Quash and for Protective Order was that plaintiffs have not fulfilled their burden of first seeking discoverable information through less intrusive means pursuant to the supreme court's opinion in *Crown Central Petroleum Corp.*, 904 S.W.2d at 125.

On March 13, 1996, the trial court held a hearing on Relator's Motion to Quash and for Protective Order. At the hearing, counsel for relators informed the trial court plaintiffs had not taken a corporate representative(s) deposition on the particular areas of inquiry and that FFE would be amenable to produce corporate representatives on relevant areas of inquiry.

Counsel for plaintiffs conceded Mr. Stubbs "doesn't have any personal knowledge about this accident." Nevertheless, plaintiffs contended they plan to depose Mr. Stubbs regarding certain statements he made in FFE's 1994 Annual Report to Shareholders and a June 1995 Driver Safety Policy Handbook. Plaintiffs admitted these two documents into evidence. Plaintiffs argued they need Mr. Stubbs' deposition (1) to find out the corporate structure among several of the defendants; (2) to address statements in the safety manual; (3) to learn who wrote the safety manual; (4) to find out the experience

---

* The Honorable Ron Carr, sitting by assignment pursuant to Tex.Gov't Code Ann. § 74.003(b) (Vernon 1988).

1. FFE is a parent corporation which appears to wholly own subsidiaries Conwell Corporation, Great Western Express, Inc., and Lisa Motor Lines, defendants below.

level required of all over-the-road drivers; (5) to find out whether a "Driver Review Qualifications Committee" exists; (6) to discuss alleged statements and a memorandum by Mr. Stubbs to management stating the Company's policy is to comply with Federal Regulations; (7) to learn why the driver of the tractor-trailer in question had not received warnings or probation; and (8) to find out if the Company has a policy that a U-turn is preventable anytime. Plaintiffs also contend Mr. Stubbs is chairman of "information services" and that his position makes him amenable to deposition notwithstanding his CEO and chairman of the board status. Lastly, plaintiffs contend they need to find out who was responsible for ensuring drivers have knowledge and information of the safety manual. Other plaintiffs' counsel wish to depose Mr. Stubbs because of a memorandum he allegedly issued to his shareholders regarding the growth of the company.

In reply, counsel for FFE indicated there are individuals at FFE who could answer these various inquiries, if plaintiffs would send a proper deposition notice of a corporate representative(s). The court then denied the Motion to Quash and for Protective Order.

■ In *Crown Central*[2], the plaintiff sought the deposition of the chief executive officer and chairman of the board of defendant Crown Central Petroleum Corporation. Crown Central responded with a motion to quash the deposition, accompanied by the officer's affidavit. *Id.* The supreme court held the party seeking the deposition first has the burden to demonstrate the person sought to be deposed has "any unique or superior personal knowledge of discoverable information." *Id.* at 128. If the party seeking the deposition cannot show the official has any unique or superior personal knowledge of discoverable information, the trial

court should grant the motion for protective order and first require the party seeking the deposition to attempt to obtain the discovery through less intrusive methods. *Id.* The court noted these other methods could include (1) depositions of lower level employees, (2) depositions of the corporation itself, (3) interrogatories and (4) requests for production. *Id.* Only after making a good faith effort to obtain the discovery through less intrusive means may the party seeking the deposition seek to have the protective order vacated and modified. *Id.*

FFE met its burden by timely filing a Motion to Quash and for Protective Order in response to the notice of Mr. Stubbs' deposition accompanied by the required *Crown Central* affidavit of Mr. Stubbs stating he "does not have personal knowledge of each employee's job duties or performance" or any "knowledge of relevant facts regarding the incident giving rise to this lawsuit independent of others who have direct personal knowledge through investigation or otherwise." *Id.* *See Crown Central Petroleum Corp.,* 904 S.W.2d at 128.

In addition, it is undisputed between the parties that Mr. Stubbs is an "Apex" employee witness within the meaning of *Crown Central* and that Mr. Stubbs' notice of deposition was general and unrestricted as to scope and topic.[3]

Herein lies the trial court's error in denying in total the Relator's Motion to Quash and for Protective Order. While the plaintiffs' evidence at the *Crown Central* hearing, to determine whether Mr. Stubbs, as an "Apex" employee, has any unique or superior personal knowledge of discoverable information, was limited in scope and topic to what can be categorized as certain alleged statements and documents possibly authorized by Mr. Stubbs regarding safety and corporate

---

**2.** We reject Relator's argument *Crown Central* mandates that only after less intrusive means have been attempted may a party ever seek the deposition of an "Apex" employee. To those matters the trial court determines the party seeking the deposition has arguably shown the "Apex" witness has any unique or superior personal knowledge, the use of less intrusive means of discovery first are not mandated by *Crown Central.*

**3.** In view of *Crown Central,* we question whether it is an appropriate practice to notice the deposition of an "Apex" witness without regard to identifying the specific areas of inquiry in the notice. We recommend to litigants the practice of deposition notices identifying the specific areas of inquiry when deposing an "Apex" witness.

structure, the plaintiffs' notice of deposition to Mr. Stubbs was not so limited but rather was unrestricted in scope and topic. Accordingly, the effect of the trial court's denial of Relator's Motion to Quash and for Protective Order was to leave operative the plaintiffs' general unrestrictive notice of deposition to Mr. Stubbs.

■ A party seeking mandamus relief must demonstrate the trial court has committed a clear abuse of discretion or violated a duty imposed by law. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex. 1985). A clear abuse of discretion warrants correction by mandamus when a court issues a decision which is without basis or guiding principles of law. *See Johnson,* 700 S.W.2d at 917; *Professional Microfilming, Inc. v. Houston,* 661 S.W.2d 767 (Tex.App.—Fort Worth 1983, no writ). The petitioner must also show there is no adequate remedy on appeal. *Walker v. Packer,* 827 S.W.2d 833, 842 (Tex.1992); *State v. Walker,* 679 S.W.2d 484, 485 (Tex.1984).

■ We hold the trial court's order denying Relator's Motion to Quash and for Protective Order is an inappropriate order by improperly requiring the production of Mr. Stubbs as an "Apex" witness for an unrestricted deposition in violation of *Crown Central* guidelines. Furthermore, no adequate remedy by appeal exist, as the deposition will have long been taken when an appeal of the judgment is perfected.

■ Accordingly, we conditionally grant relator relief requested in its Amended Petition for Mandamus and direct the trial court judge to vacate his interlocutory order of March 13, 1996, denying Relator's Motion to Quash and for Protective Order. Because we know of no prohibition preventing the trial court from revisiting the evidence of its March 13, 1996 *Crown Central* hearing, and in the interest of judicial economy, we decline relator's request that we command the trial court to enter an order granting FFE's Motion to Quash and Protective Order, but instead we direct the trial court to review the evidence from its March 13, 1996 hearing and enter an appropriate order denying Relator's Motion to Quash and for Protective Order

only to the limited extent that the evidence shows Mr. Stubbs has unique or superior knowledge of the discoverable information identified by the evidence at the March 13, 1996 hearing. To the extent the evidence does not show Mr. Stubbs has unique or superior knowledge of the discoverable information identified at the March 13, 1996 hearing and as to all matters not identified by such evidence, the trial court is directed to grant Relator's Motion to Quash and for Protective Order.

We assume Respondent will comply with the directions contained in this opinion. Writ of Mandamus will issue only if he fails to do so.