**NUECES COUNTY, Texas, Relator,**

v.

**The Honorable Hector DE PENA, Jr., Judge of the County Court at Law No. 2 of Nueces County, Texas, Respondent.**

**No. 13–97–447–CV.**

Court of Appeals of Texas, Corpus Christi.

Aug. 29, 1997.

Rehearing Overruled Oct. 16, 1997.

Randall Lewis Meredith, Asst. County Atty., Carl Lewis, County Atty., Corpus Christi, for Relator.

William H. Berry, Jr., Gail D.C. Dorn, Corpus Christi, Ronald A. Simank, Schauer, Simank & Ledbetter, Corpus Christi, James Thomas Parsons, Austin, for Real Parties in Interest.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr. and YANEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

This is an original mandamus proceeding by which Nueces County challenges the authority of the trial court to order its county judge to attend a mediation conference on a lawsuit against the county. After reviewing both the petition for mandamus relief, the real parties' in interest response, as well as, their additional response filed on August 22, 1997, we conditionally grant mandamus relief without requiring oral argument on the petition.

Magdalena Medina and Mary Thornton sued the Texas Workforce Commission and Nueces County, based on an employment dispute with the county. On April 10, 1997, the trial court referred the case to mediation. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 154.021 (Vernon 1997). This order required that "[e]ach party, and a representative having settlement authority, shall attend the mediation...." Through its commissioners' court, Nueces County accordingly gave authority to its county attorney to settle the lawsuit within a specified range and intended for the county attorney to represent it at the mediation conference.

However, the plaintiffs moved to compel the attendance of the county judge, and the trial court subsequently signed an August 6, 1997, order requiring Nueces County Judge Richard Borchard to personally attend the mediation conference. This order forms the basis for the county's complaint before this Court on mandamus.

Mandamus will issue only to correct a clear abuse of discretion or violation of a duty imposed by law when that abuse cannot be remedied by appeal. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). We must first determine whether the trial court abused its discretion in ordering Judge Borchard to attend mediation.

When mediation is ordered under the authority of section 154.021, the trial court may compel disputants to sit down with each other, though it cannot force them to peaceably resolve their differences. *In the Matter of Marriage of Ames,* 860 S.W.2d 590, 591 (Tex. App.—Amarillo 1993, no writ); *Decker v. Lindsay,* 824 S.W.2d 247, 250 (Tex.App.— Houston [1st Dist.] 1992, orig. proceeding). In the present case, however, Judge Borchard is not himself a "disputant," or party, to the underlying lawsuit, nor has he been given the authority to settle the lawsuit on the county's behalf.

The County Commissioners' Court, composed of a county judge and four county commissioners, is the governing body for the particular county which they serve. *See* TEX. CONST. art. 5, § 18(b); TEX. LOCAL GOV'T CODE ANN. § 81.001 et seq. (Vernon 1988 and Supp.1997). A county can act only through its Commissioners' Court, and the

individual members of the Commissioners' Court have no authority to bind the county by their separate actions or agreements. *Canales v. Laughlin,* 147 Tex. 169, 214 S.W.2d 451, 455 (1948); *Stratton v. Liberty County,* 582 S.W.2d 252, 254 (Tex.Civ.App.— Beaumont 1979, writ ref'd n.r.e.); *Wilson v. Calhoun County,* 489 S.W.2d 393, 397 (Tex. Civ.App.—Corpus Christi 1972, writ ref'd n.r.e.); *Bee County v. Roberts,* 437 S.W.2d 62, 64 (Tex.Civ.App.—Corpus Christi 1968, no writ).

■ Accordingly, Judge Borchard has no authority on his own to settle the underlying dispute absent action by the commissioners' court. His presence at the mediation conference may indirectly encourage, or operate as an informal vehicle for, the eventual settlement of the dispute. However, a person's indirect influence over settlement proceedings does not render that person subject to mandatory attendance at mediation. Otherwise, the trial court could arguably require a party's relatives, close friends, or business associates to attend mediation for advice and support. Such authority is not provided in the mediation statute.

Though the issue appears to be of first impression with regard to court-ordered mediation, in the related context of "apex depositions" the Texas Supreme Court has held that a party seeking to depose the chief executive or other high corporate officer of his opponent may not do so arbitrarily and without any real need for that officer's presence, but must first show (1) that there is a reasonable indication that the official's deposition is calculated to lead to the discovery of admissible evidence, and (2) that less intrusive methods of discovery are unsatisfactory, insufficient or inadequate. *Crown Cent. Petroleum Corp. v. Garcia,* 904 S.W.2d 125, 128 (Tex.1995).

The county judge, as presiding officer of a county, like the chief executive officer of a private corporation, is an important official whose presence at deposition or mediation should not be ordered absent compelling reasons. Because no compelling reason has been shown for Judge Borchard's presence at mediation, we conclude that the trial court abused its discretion.

■ Moreover, in the present case, as in the case of an improperly ordered apex deposition, the party required to produce its presiding officer has no adequate remedy by appeal after having gone through the needless effort and expense to secure that officer's attendance at mediation. *AMR Corp. v. Enlow,* 926 S.W.2d 640, 644 (Tex.App.— Fort Worth 1996, orig. proceeding); *Frozen Food Exp. Industries, Inc. v. Goodwin,* 921 S.W.2d 547, 550 (Tex.App.—Beaumont 1996, orig. proceeding).

Accordingly, we conditionally grant mandamus relief ordering the trial court to vacate its August 6, 1997, order compelling Judge Borchard's attendance at mediation. The writ will not issue, however, unless the trial court fails to comply with the opinion of this Court.