## In re DAISY MANUFACTURING COMPANY, INC.

No. 13–98–0180–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 13, 1998.

Rehearing Overruled Oct. 8, 1998.

Hugh P. Touchy, Charles Willette, Jr., Willette, Guerra & Trevino, Brownsville, for relator.

Ernesto Gamez, Jr., Law Offices of Ernesto Gamez, Jr., Sean Paul Belleville, Brownsville, for real parties in interest.

Before DORSEY, HINOJOSA and RODRIGUEZ, JJ.

## OPINION

RODRIGUEZ, Justice.

In this original proceeding, the Relator, Daisy Manufacturing Company ("Daisy"), seeks a writ of mandamus compelling the Respondent, the Honorable Rogelio Valdez,[1] to grant their motion for protection. We conditionally grant the requested relief.

The underlying suit is a products liability action filed by the real party-in-interest, Claudia Sanchez, against Daisy. Sanchez claims defects exist in the gravity feed system of Daisy's air rifle model 840/841. After filing three sets of interrogatories, requests for production, and deposing Daisy's corporate representative, William Stuchlik, Sanchez sought to depose Marvin Griffin, Daisy's chief executive officer. Daisy filed a motion for protection. The motion was denied and Daisy was ordered to produce Griffin for deposition at Daisy's corporate headquarters in Arkansas. It is the denial of Daisy's request for protection that forms the basis of this mandamus action.

In deciding whether a writ of mandamus is appropriate, we recognize that mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker* 827 S.W.2d at 839. A trial court has no discretion in determining what the law is or applying the law to the facts. *Id.* at 840. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in mandamus. *Id.*

Motions for protection from deposition of corporate executives are governed by the "apex doctrine" enunciated by the supreme court in *Crown Cent. Petroleum Corp. v. Garcia*, 904 S.W.2d 125, 128 (Tex.1995) (orig.proceeding). The doctrine applies in

1. Judge of the 357th Judicial District Court of Cameron County, Texas.

suits where "a party seeks to depose a corporate president or other high level corporate official...." *Id.* at 128. The "apex doctrine" is invoked when the corporate official files a motion for protection accompanied by an "affidavit denying any knowledge of relevant facts...." *Id.* The burden of persuasion then shifts to the party seeking the deposition to show that the official possesses some unique or superior personal knowledge of relevant facts. *Id.* If the party seeking discovery does not make this showing, the court should grant the motion for protection "and first require the party seeking the deposition to attempt to obtain the discovery through less intrusive methods." *Id.*

The motion for protection filed by Daisy was accompanied by the affidavit of Griffin. In the affidavit, Griffin denies having any unique or superior knowledge of the design of the air guns. Having properly invoked the "apex doctrine," the burden of persuasion shifted to Sanchez to controvert Griffin's statement.

## Possession of Unique or Superior Knowledge by Griffin

■ To establish that Griffin possessed unique or superior knowledge of the gravity feed system at issue, both Sanchez and Respondent relied heavily on Griffin's appearance on the television news program "*20/20.*" Sanchez asserts that by appearing on *20/20*, Griffin "volunteered to become the United States spokesperson for Daisy.... CEO Marvin Griffin chose to thrust himself into the public eye as an expert having unique or superior knowledge as to the facts relating to Daisy's gravity feed system." A transcript of that program was provided to Respondent, and to this Court, as an exhibit to Sanchez's response to Daisy's request for protection. During the program, Griffin discussed the design of the gravity feed system:

ROSS:[2] Is there a design flaw in the way these BBs are loaded?

GRIFFIN: I don't think it is.

ROSS: Not at all?

GRIFFIN: Not at all.

\* \* \*

ROSS: Isn't it true that BBs can get stuck inside here in the nooks and crannies of this gun?

GRIFFIN: That's possible, but it doesn't happen often, in our opinion, or we would correct that.

Daisy contends Griffin's comments on *20/20* are not relevant because the Daisy air rifle model 990 discussed in that program is not substantially similar to the air rifle in question in the present litigation. However, at the hearing on Sanchez's motion to compel Griffin's deposition, counsel for Daisy stated: "It's a gravity feed system designed [sic] that it's incorporated into both types of—" air rifles, the high powered and the low powered. Thus, we find this argument without merit.

■ However, Daisy also contends the program does not contain any information which would establish the *Crown* requirement that Griffin have unique or superior knowledge regarding the design, marketing, or manufacturing of any Daisy air rifle model. We agree. Merely because a corporate official espouses a generalized opinion concerning the safety of one of his company's products does not imbue that official with unique or superior knowledge of the product.

## Use of Less Intrusive Methods of Discovery

■ Because Sanchez did not show Griffin possessed unique or superior knowledge with respect to the gravity feed system, she was required to seek discovery through less intrusive methods. *Crown,* 904 S.W.2d at 128.

Sanchez contends less intrusive methods of discovery were already utilized by filing interrogatories and requests for production, and by deposing William Stuchlik, Daisy's corporate representative. Sanchez claims that despite these attempts, Daisy has failed to produce diagrams or drawings that illustrate and define the BB magazine and gravity feed system, as well as the dimensions involved. Thus, Sanchez claims, with respect to the design of the gravity feed system, Daisy cannot produce any other qualified employee who can give satisfactory testimo-

2. Brian Ross, ABC News chief investigative cor- respondent.

ny regarding the gravity feed system.[3] Daisy controverts Sanchez's claim by pointing out that Sanchez has not deposed Mike Bear, Daisy's engineering director; Bob Degarmo, vice-president of operations; or Lynn Scott, vice-president of marketing.

We find Daisy provided the trial court with a proper *Crown* affidavit showing Griffin lacked knowledge of relevant facts. We further find Sanchez failed to show Griffin possesses unique or superior personal knowledge of discoverable information. *Crown,* 904 S.W.2d at 128. Sanchez also failed to show less intrusive methods of discovery were fully utilized and yielded unsatisfactory, insufficient, or inadequate results. *Id.*

■ We conclude Respondent failed to properly analyze and apply the law as set forth in *Crown,* and hold Respondent abused his discretion in ordering Griffin's deposition. Further, no adequate remedy by appeal exists because an appellate court cannot cure the trial court's error in ordering an apex deposition. *Walker,* 827 S.W.2d at 843; *Nueces County v. DePena,* 953 S.W.2d 835, 837 (Tex.App.—Corpus Christi 1997, orig. proceeding); *AMR Corp. v. Enlow,* 926 S.W.2d 640, 644 (Tex.App.—Fort Worth 1996, orig. proceeding).

Accordingly, we conditionally GRANT the writ of mandamus, which will issue only if Respondent fails to vacate his April 3, 1998 order compelling Griffin to appear for deposition.

This opinion does not bar Sanchez from deposing Griffin in the future. If additional good faith efforts to obtain discovery through less intrusive means fail, i.e. deposing other Daisy corporate officials, Sanchez may seek to have the protective order vacated or modified. *Crown,* 904 S.W.2d at 128; *Enlow,* 926 S.W.2d at 644; *Frozen Food Exp. Indus., Inc. v. Goodwin,* 921 S.W.2d 547, 549 (Tex. App.—Beaumont 1996, orig. proceeding).

---

3. Significantly, Sanchez has not claimed Griffin possesses this knowledge.