COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| IN RE: | § | No. 08-18-00207-CV |
| MARY ANNE VINSON, | § | AN ORIGINAL PROCEEDING |
| RELATOR. | § | IN MANDAMUS |
|  | § |  |
|  | § |  |

## **O P I N I O N**

Mary Anne Vinson filed a mandamus petition against the Honorable Luis Aguilar, Judge of the 243rd District Court of El Paso County, Texas. Vinson is challenging Respondent's order compelling her to attend mediation in cause number 2018DCV0953 styled *Jaime Soto v. Stephanie Lisa Dutchover* even though she is not a party to the suit.

Judge Aguilar left office on December 31, 2018, and the Honorable Selena Solis took office as the Judge of the 243rd District Court on or about January 1, 2019. On our own motion, we issued an order that Judge Solis be substituted as Respondent in this original proceeding. *See* TEX.R.APP.P. 7.2(a). We also gave Judge Solis an opportunity to reconsider Judge Aguilar's ruling that is the subject of this original proceeding. Judge Solis notified the Court that she has reviewed the order and will not be issuing any new orders. We conditionally grant mandamus relief.

## FACTUAL SUMMARY

This original proceeding arises from a personal injury lawsuit pending in the 243rd District

Court (cause number 2018DCV0953). The real party in interest, Jaime Soto, filed a negligence suit against Stephanie Lisa Dutchover alleging that she failed to control her speed and rear-ended Soto's vehicle. Allstate insured Dutchover and Vinson is an adjuster employed by Allstate. Allstate and Vinson are not parties to the suit.

On August 16, 2018, the trial court signed an order appointing a mediator and requiring the parties to schedule a mediation within thirty days. The mediation order further required that: "All Parties and their representatives with full settlement authority shall attend the mediation process, with their counsel of record." The parties complied with the order and attended mediation on September 28, 2018. Vinson did not attend the mediation, but an Allstate representative attended. On October 1, 2018, the mediator filed a report stating that mediation was unsuccessful.

On October 23, 2018, Soto filed a motion to compel which stated the following:

> On or about September 28, 2018, Plaintiff and Defendant attended Court-Ordered mediation at the offices of Daniel G. Mena, but were unsuccessful in settling this matter. Only two of the four hours allotted for mediation were used. The representative from Allstate that attended the mediation was not the handling claims adjuster who has been negotiating with Plaintiff throughout the course of this case. Under this Court's order, 'all parties and their representatives with full settlement authority shall attend the mediation process, with their counsel of record.' *See Exhibit A*. Plaintiff requests this Honorable Court to compel the handling claims adjuster, Mary Anne Vinson, who has full settlement authority, to attend the remaining two hours of Court-Ordered mediation. [Emphasis in orig.].

Following a hearing held on November 1, 2018, the trial court granted the motion and entered an order compelling Vinson to attend mediation. Vinson did not provide the Court with a record of the hearing on the motion to compel, but the petition includes counsel's certification that no evidence was received at the November 1, 2018 hearing. *See* TEX.R.APP.P. 52.7(a)(2)(requiring relator to file with the petition "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained."). Counsel's certification is

supported by a recitation in the trial court's order that the order was based on the parties' arguments presented at the hearing.

## COMPELLING INSURANCE COMPANY'S REPRESENTATIVE

## TO ATTEND MEDIATION

In her sole issue, Vinson contends that the trial court clearly abused its discretion by compelling her to attend mediation in the underlying lawsuit.

### *Standard of Review*

To be entitled to mandamus relief, a relator must generally meet two requirements. First, the relator must show that the trial court clearly abused its discretion. *In re Prudential Insurance Company of America*, 148 S.W.3d 124, 135 (Tex. 2004). A trial court abuses its discretion when it acts arbitrarily, capriciously, and without reference to guiding principles. *In re Green*, 527 S.W.3d 277, 279 (Tex.App.—El Paso December 2, 2016, orig. proceeding); *In re Mid-Century Insurance Company of Texas*, 426 S.W.3d 169, 178 (Tex.App.—Houston [1st Dist.] 2012, orig. proceeding). Second, the relator must establish it does not have an adequate remedy by appeal. *In re Prudential*, 148 S.W.3d at 135-36.

### *Compelling Insurance Representative to Attend Mediation*

It is the policy of this state to encourage the peaceable resolution of disputes and the early settlement of pending litigation through voluntary settlement procedures. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 154.002. To effectuate this policy, Section 154.021(a) of the Civil Practice and Remedies Code authorizes a court on its own motion or the motion of party to refer a dispute to an alternative dispute procedure. TEX.CIV.PRAC.&REM.CODE ANN. § 154.021(a). The parties must be given notice of the referral order and have ten days to file a written objection. TEX.CIV.PRAC.&REM.CODE ANN. § 154.022(b). If there is a reasonable basis

for a party's objection, the court may not refer the dispute pursuant to Section 154.021. TEX.CIV.PRAC.&REM.CODE ANN. § 154.022(c). The person appointed to facilitate an ADR procedure shall encourage and assist the parties in reaching a settlement of the dispute, but he may not compel or coerce the parties to enter into a settlement agreement. TEX.CIV.PRAC.&REM.CODE ANN. § 154.053(a). Appellate courts have further held that while a trial court may compel litigants to sit down with each other, it cannot force or compel them to settle their differences. *See In re Daley*, 29 S.W.3d 915, 918 (Tex.App.—Beaumont 2000, orig. proceeding); *Nueces County v. De Pena*, 953 S.W.2d 835, 836 (Tex.App.—Corpus Christi 1997, orig. proceeding); *Decker v. Lindsay*, 824 S.W.2d 247, 250-51 (Tex.App.—Houston [1st Dist.] 1992, orig. proceeding).

The trial court's authority under Section 154.021 to refer a dispute for an ADR procedure includes the power to order the parties and their representatives having full settlement authority to attend mediation. *See Nueces County*, 953 S.W.2d at 836. It is generally understood that the trial court may order that an insurance company's representative having full settlement authority must attend mediation. *See In re Proassurance Insurance Company*, No. 05-15-01256-CV, 2016 WL 25645, at *1 (Tex.App.—Dallas January 4, 2016, orig. proceeding)(noting that the trial court's standing special mediation order provided that when an insuring or indemnifying entity enjoys the exclusive right to make settlement decisions for a named party, then a representative of such entity with unqualified authority to settle the dispute must be present throughout mediation); *In re Daley*, 29 S.W.3d at 920 (Walker, C.J., dissenting opinion)(observing that trial court had authority to order the attendance of those persons or entities having authority to settle, whether that be the attorneys, the parties, "or those holding the settlement purse strings.").

Soto contends in his mandamus response that Vinson "personally interfered with a core function of the trial court" by "refusing to attend mediation." The mediation referral order did not

order Allstate or Vinson to attend mediation. Consequently, Vinson did not refuse to attend mediation as claimed by Soto. While the trial court has authority to order an Allstate representative having full settlement authority to attend the mediation, that does not mean that the trial court can choose the representative or mandate that one representative rather than another must attend. *See Nueces County*, 953 S.W.2d at 836-37 (granting mandamus relief where trial court ordered county judge to attend mediation even though county had given county attorney authority to settle the dispute on its behalf and observing that a person's influence over settlement proceedings does not render that person subject to mandatory attendance at mediation). Soto did not allege in his motion to compel or offer any evidence showing that the Allstate representative who attended the initial mediation did not have full settlement authority. He only alleged that the representative "was not the handling claims adjuster who has been negotiating with Plaintiff throughout the course of this case." Similarly, Soto argues in his mandamus response that the "record undisputedly shows that Vinson was the person most familiar with Plaintiff's claim, demonstrated an effort to move the case forward, increased the offer and expressed that [Allstate] was open to 'continued discussions' *and* 'mediation in the future, if needed.'" [Emphasis in orig.]. Soto does not cite any authority to support his position that a court is authorized to compel a particular representative to attend mediation simply because that representative is more familiar with the case and had expressed a willingness to have continued settlement discussions.

Soto also faults Vinson for failing to prove that the Allstate representative who attended mediation had full settlement authority, but as the movant seeking to compel Vinson's attendance in place of the other Allstate representative, Soto had the burden to show that the other Allstate representative did not have full settlement authority. In the absence of such evidence, the trial court did not have authority to compel Vinson's attendance. Vinson's sole issue is sustained.

Respondent is directed to set aside the November 1, 2018 order granting Soto's motion to compel Vinson to attend mediation. The writ of mandamus will not issue unless Respondent fails to comply with this opinion within a reasonable time period.

June 10, 2019

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.