

## NUMBER 13-23-00370-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

### IN RE CITY OF MCALLEN, TEXAS

### On Petition for Writ of Mandamus.

## OPINION

**Before Chief Justice Contreras and Justices Longoria and Silva**
**Opinion by Justice Silva[1]**

By petition for writ of mandamus, relator the City of McAllen, Texas (the City),

contends that the trial court[2] abused its discretion by ordering its Mayor and one of its

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number C-0074-19-D in the 206th District Court of Hidalgo County, Texas, and the respondent is the Honorable Rose Guerra Reyna. *See id.* R. 52.2.

Commissioners to personally attend mediation in an inverse condemnation suit. We agree with the City, and we conditionally grant its petition for writ of mandamus.

## I.    BACKGROUND

Real parties in interest Matthew Crocker and Marianna Wright filed suit against Artillery, L.L.C. (Artillery), Cutler Repaving, Inc. (Cutler), and the City. According to the real parties' second amended petition, these defendants excavated, leveled, and repaved the 1300 block of Highland Avenue in North McAllen, and their work caused flooding and damage to the real parties' residence. The real parties alleged a cause of action for negligence against Artillery and Cutler and alleged a cause of action for inverse condemnation against the City. According to the real parties, the City "intentionally designed the repaving project to use [their] property within its drainage plan" and their property "has been taken for a public purpose without adequate compensation, or consent in violation of Article I, Section 17 of the Texas Constitution." *See* TEX. CONST. art. I, § 17 ("No person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made . . . .").

On or about August 1, 2023, the real parties filed a motion to compel mediation. According to this motion:

> 1.1    [Real parties'] counsel has diligently pursued the scheduling of a mediation between the parties. After mutual agreement, the mediation is set to take place on August 17, 2023, with the mediator Scott McLain. Considering this, [real parties] request the Court's intervention to ensure that [the City] is required to have a non-quorum number of decision-makers present at the mediation, fully empowered to settle this case.

> 1.2    [Real parties'] counsel holds the belief that [d]efense counsel might intentionally refrain from having someone with proper authority attend the mediation, possibly as an indirect attempt to avoid settling this case. [Real

parties have] been informed that they plan to not have any of the commissioners present and only taking [sic] employees that can make recommendations to the decision makers.

1.3    In addition, [real parties] respectfully request that this Court mandate the personal attendance of all necessary parties involved in negotiation and authorization of settlement at the mediation.

On August 9, 2023, the City filed a response to the motion to compel mediation. The City's response stated that the parties had previously mediated the matters raised in this litigation, but did not reach an agreement, and that the parties thereafter "agreed that a second mediation would be prudent." The City disputed the real parties' allegations that they had assiduously attempted to schedule mediation. The City further responded to the real parties' contention that the City might "intentionally refrain from having someone with proper authority attend mediation" as follows:

[Real parties'] attempt to compel the attendance of elected officials is nothing more than harassment and in no way increases the chances of settlement. [City] is a self-insured, home-rule municipality, and [City] has advised [real parties] that both the City Engineer and City Management will attend mediation with settlement authority. If this case were brought against an insurance company, [real parties] would surely not insist the company's board of directors attend in lieu of an insurance adjuster.

Moreover, attendance by a non-quorum of City Commissioners is not attendance of a decision-maker. Only a quorum of the City Commission can confer authority, and said authority must be conveyed at a properly noticed meeting in compliance with the Texas Open Meetings Act. Therefore, even if a non-quorum of elected officials desired to confer more settlement authority at mediation, they would not have the authority to do so.

[Real parties'] baseless allegation that [d]efense counsel intends to attend mediation without proper authority in an attempt to avoid settlement is beyond comprehension and sanctionable. Defense counsel has diligently pursued mediation and has communicated the intent to attend mediation with settlement authority, just as is done in every other case.

3

The trial court held a non-evidentiary hearing on the real parties' motion to compel mediation. On August 14, 2023, the trial court signed an order granting the motion. The order states that "all parties with authority to settle must be present in person" and requires "a designated Commissioner and Mayor" to attend mediation.

The City thus filed this original proceeding and requested temporary relief. By one issue, the City asserts that the trial court abused its discretion by ordering the Mayor and a Commissioner to personally attend mediation. The City requested that we order an immediate stay and continuance of the mediation, which was scheduled to occur on August 17, 2023. We granted the City's request for an immediate stay and ordered the mediation to be stayed pending the resolution of this original proceeding. *See* TEX. R. APP. P. 52.10(b). We requested the real parties, or any others whose interest would be directly affected by the relief sought, to file a response to the petition for writ of mandamus. *See id.* R. 52.2, 52.4, 52.8. We have now received and reviewed the real parties' response to the petition. The real parties assert, *inter alia*, that the City waived its right to object to the trial court's mediation order and that the trial court did not err in ordering the Mayor, "a decision maker for the City who has independent authority" to settle the case, and a Commissioner, "who is responsible for investigating [C]ity claims," to appear at mediation.

## II. STANDARD OF REVIEW

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that: (1) the trial

4

court abused its discretion; and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "A trial court abuses its discretion when its 'ruling is arbitrary and unreasonable, made without regard for guiding legal principles or supporting evidence.'" *In re State Farm Mut. Auto. Ins.*, 629 S.W.3d 866, 872 (Tex. 2021) (orig. proceeding) (quoting *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding)). We determine whether the relator possesses an adequate appellate remedy by balancing the benefits of mandamus review against the detriments in a fact-specific inquiry based on the circumstances of the case. *In re Acad., Ltd.*, 625 S.W.3d 19, 32 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

### III.    MEDIATION

"It is the policy of this state to encourage the peaceable resolution of disputes . . . and the early settlement of pending litigation through voluntary settlement procedures." TEX. CIV. PRAC. & REM. CODE ANN. § 154.002; *see LaLonde v. Gosnell*, 593 S.W.3d 212, 226–27 (Tex. 2019) ("Consistent with the state's strong public policy favoring the peaceable resolution of disputes, mediation is an effective tool for resolving claims outside of litigation."); *Klinek v. LuxeYard, Inc.*, 596 S.W.3d 437, 447 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (noting that Texas courts support a public policy that encourages settlement). To implement this policy, § 154.021(a) of the Texas Civil Practice and Remedies Code authorizes a court to refer a dispute to an alternative dispute

5

resolution procedure. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 154.021(a); *In re Vinson*, 632 S.W.3d 1, 3 (Tex. App.—El Paso 2019, orig. proceeding). The court may do so either sua sponte or on the motion of a party. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 154.021(a). The court must confer with the parties regarding which alternative dispute resolution procedure would be "the most appropriate." *Id.* § 154.021(b). If the court determines that a dispute is appropriate for such a referral, the court must notify the parties of its determination. *See id.* § 154.022(a). Thereafter, any party may file a written objection to the referral within ten days after receiving notice. *See id.* § 154.022(b). If the court finds that there is a reasonable basis for an objection, the court may not refer the dispute to an alternative dispute resolution process. *See id.* § 154.022(c); *Beldon Roofing Co. v. Sunchase IV Homeowners' Ass'n, Inc.*, 494 S.W.3d 231, 238 (Tex. App.—Corpus Christi–Edinburg 2015, no pet.).

Thus, if there is no objection or if the trial court finds there is no reasonable basis for an objection, the trial court may compel litigants to engage in mediation or another format for the alternative resolution of the dispute. *See In re Vinson*, 632 S.W.3d at 3; *Beldon Roofing Co.*, 494 S.W.3d at 240; *In re Daley*, 29 S.W.3d 915, 918 (Tex. App.—Beaumont 2000, orig. proceeding). However, "it cannot force or compel them to settle their differences." *In re Vinson*, 632 S.W.3d at 3; *see In re Daley*, 29 S.W.3d at 918; *Nueces County v. De Pena*, 953 S.W.2d 835, 836 (Tex. App.—Corpus Christi–Edinburg 1997, orig. proceeding); *Decker v. Lindsay*, 824 S.W.2d 247, 250–51 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). In this regard, the trial court has no power to

6

require the parties to negotiate in good faith. *Beldon Roofing Co.*, 494 S.W.3d at 240; *In re Acceptance Ins.*, 33 S.W.3d 443, 451 (Tex. App.—Fort Worth 2000, orig. proceeding).

## IV. ANALYSIS

By one issue, the City contends that the trial court abused its discretion by ordering the Mayor and a Commissioner to attend mediation. We begin our review by addressing the real parties' argument that the City failed to preserve error. Specifically, the real parties contend that the trial court signed its mediation order on August 14, 2023, but the City did not subsequently file an objection to the mediation order within ten days as required by the code of civil procedure. The real parties thus allege that the City has waived the arguments presented in this original proceeding.

We disagree with the real parties' contention that the statutory requirement for an objection applies to bar mandamus relief under the facts at hand. The code provides that when the trial court determines that it is appropriate to refer a dispute to an alternative dispute resolution, a party "may" file a written objection to the referral within ten days after receiving notice of the referral. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 154.022(a), (b). Thereafter, if the court agrees that there is a reasonable basis for the objection, the court may not proceed with the referral. *See id.* § 154.022(c). Here, the City agreed to mediate this case, not once, but twice. The City did not object to mediating the dispute. Rather, the City objected to a requirement for mediation suggested by the real parties. In their motion to compel mediation, the real parties alleged that the City "might intentionally refrain from having someone with proper authority attend the mediation, possibly as an indirect attempt to avoid settling this case," and that the City was not planning to send a

7

Commissioner to mediation but instead only planned to "tak[e] employees that can make recommendations to the decision makers." The real parties specifically requested the trial court to "mandate the personal attendance of all necessary parties involved in negotiation and authorization of settlement at the mediation." The City's response to the real parties' motion to compel mediation explicitly provides that the real parties' "attempt to compel the attendance of elected officials is nothing more than harassment and in no way increases the chances of settlement"; that "[the City] has advised [the real parties] that both the City Engineer and City Management will attend mediation with settlement authority"; and that the City "has communicated the intent to attend mediation with settlement authority, just as is done in every other case." After the City filed its response, the trial court nevertheless ordered the Mayor and a Commissioner to attend mediation. The City timely made the trial court aware of its objection regarding the identity of those individuals who should attend mediation. *See* TEX. R. APP. P. 33.1(a); *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 510 (Tex. 2018).

We turn our attention to the merits. It is abundantly clear that in referring a case to mediation, the trial court may require the parties to send representatives with full settlement authority to attend mediation. *In re Vinson*, 632 S.W.3d at 3; *Nueces County*, 953 S.W.2d at 836. However, the trial court does not have the authority to choose the representative of a party, or to mandate that one representative rather than another must attend. *In re Vinson*, 632 S.W.3d at 4; *Nueces County*, 953 S.W.2d at 836–37. This Court has previously addressed the specific issue presented in this case. *See Nueces County*, 953 S.W.2d at 836–37. In *Nueces County*, two plaintiffs filed an employment suit against

8

the Texas Workforce Commission and Nueces County. *See id.* at 836. The trial court issued a mediation order requiring each party and a representative having settlement authority to attend mediation. *See id.* Acting through its commissioners' court, Nueces County provided authority to its county attorney to appear at mediation and to settle the plaintiffs' lawsuit within a specified range. *See id.* The plaintiffs thereafter filed a motion requesting the trial court to compel the County Judge of Nueces County to appear at mediation. *See id.* The trial court granted the plaintiffs' motion and required Nueces County Judge Richard Borchard to personally attend the mediation conference. *See id.* Nueces County sought mandamus relief. *See id.* In resolving this original proceeding, we noted that the county judge was not a party to the lawsuit and had not been given the authority to settle the lawsuit on the county's behalf. *See id.* We further noted that a county can act only through its commissioners' court and that individual members had no authority to bind the county by their separate actions and agreements. *See id.* at 836–37. We thus reasoned:

> Accordingly, Judge Borchard has no authority on his own to settle the underlying dispute absent action by the commissioners' court. His presence at the mediation conference may indirectly encourage, or operate as an informal vehicle for, the eventual settlement of the dispute. However, a person's indirect influence over settlement proceedings does not render that person subject to mandatory attendance at mediation. Otherwise, the trial court could arguably require a party's relatives, close friends, or business associates to attend mediation for advice and support. Such authority is not provided in the mediation statute.

> Though the issue appears to be of first impression with regard to court-ordered mediation, in the related context of "apex depositions" the Texas Supreme Court has held that a party seeking to depose the chief executive or other high corporate officer of his opponent may not do so arbitrarily and without any real need for that officer's presence, but must first show (1) that there is a reasonable indication that the official's deposition is calculated to

9

lead to the discovery of admissible evidence, and (2) that less intrusive methods of discovery are unsatisfactory, insufficient or inadequate. *Crown Cent. Petroleum Corp. v. Garcia*, 904 S.W.2d 125, 128 (Tex. 1995) [(orig. proceeding)].

The county judge, as presiding officer of a county, like the chief executive officer of a private corporation, is an important official whose presence at deposition or mediation should not be ordered absent compelling reasons. Because no compelling reason has been shown for Judge Borchard's presence at mediation, we conclude that the trial court abused its discretion.

*Id.* at 837.

The real parties argue that *Nueces County* is distinguishable from the case at bar because the Mayor possesses decision making authority for the City under the City Charter, and similarly, a Commissioner has the responsibility to investigate claims against the City.[3] The real parties further contend that the trial court possesses discretion to require the Mayor and a Commissioner to attend mediation on public policy grounds. According to the real parties, to hold otherwise would set "a dangerous precedent" which would "undermine[] the democratic values of our justice system." In this regard, the real

---

[3] Under the Charter for the City of McAllen, "the governing board of McAllen shall . . . consist of a Board of Commissioners composed of a Mayor and six (6) commissioners." MCALLEN, TEX., CHARTER, art. 3, § 1. The Charter provides that:

> The Mayor shall be the chief executive officer of McAllen and shall see that all laws thereof are enforced. He shall be clothed with all the authority that is now or may hereafter be vested in a Mayor by the General Laws of the State of Texas so far as the same may be applicable and not in[]consistent with this Charter. He shall have and exercise full power prerogative and authority acting independent or in concert with the Board of Commissioners as are conferred by the provisions of this Charter, or as may be conferred upon him by the Board of Commissioners not inconsistent with the general purposes and provisions of this Charter, and shall have the power to administer oath and sign all contracts.

*Id.* art. 3, § 13. The Charter further provides the Mayor and the Commissioners with the "duty . . . to investigate" the City's departments and "the official acts and conduct of the city officers." *Id.* art. 3, § 22.

parties reject any concept that the Mayor and Commissioners "are too important and busy to attend mediation."

We disagree with the real parties' analysis of *Nueces County*. Our holding in *Nueces County* rested not only on the fact that the County Judge "ha[d] no authority on his own to settle the underlying dispute absent action by the commissioners' court," but also on policy considerations similar to those underlying the apex deposition doctrine.[4] *See id.* In fact, we specifically held that high ranking governmental officials may not be required to personally attend mediation absent "compelling reasons." *See id.* And with regard to the real parties' public policy arguments, we note that high ranking governmental officials owe duties and have responsibilities to all of the citizens that they serve, and those obligations are not limited to the litigants in a specific case.

Ultimately, the real parties have not offered any evidence showing that the City representatives who will attend mediation lack the requisite authority to settle the suit, and they have not offered compelling reasons that would require the presence of the Mayor and a Commissioner at mediation. We conclude that our decision in *Nueces County* controls, and accordingly, the trial court abused its discretion in ordering the Mayor and a Commissioner to attend mediation. *See id.*; *see also In re Vinson*, 632

---

[4] Under the apex deposition doctrine established in *Crown Central*, a party seeking to depose a corporate president or other high-level corporate official must show that the official arguably has unique or superior personal knowledge of discoverable information in order to obtain the deposition. *In re Am. Airlines, Inc.*, 634 S.W.3d 38, 40 (Tex. 2021) (orig. proceeding) (per curiam); *see Crown Cent. Petroleum Corp. v. Garcia*, 904 S.W.2d 125, 128 (Tex. 1995). If that showing is not made, the trial court must grant a protective order in favor of the official and require the party seeking the deposition to attempt to obtain the discovery through other methods. *In re Am. Airlines, Inc.*, 634 S.W.3d at 40. After making such good faith efforts to acquire the discovery through less intrusive methods, the requesting party may depose the apex official only after establishing "(1) that there is a reasonable indication that the official's deposition is calculated to lead to the discovery of admissible evidence, and (2) that the less intrusive methods of discovery are unsatisfactory, insufficient, or inadequate." *Id.* (quoting *Crown Cent.*, 904 S.W.2d at 128).

11

S.W.3d at 4. Similarly, examining the facts and circumstances of this case, we conclude that the City lacks an adequate remedy by appeal to address this error. *See Nueces County*, 953 S.W.2d at 837. We sustain the City's sole issue.

## V. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by the real parties in interest, and the applicable law, is of the opinion that the City has met its burden to obtain mandamus relief. Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10. We conditionally grant the petition for writ of mandamus, and we direct the trial court to vacate its August 14, 2023 order insofar as it requires the presence of "a designated Commissioner and Mayor" at mediation. Our writ will issue only if the trial court fails to promptly comply.

CLARISSA SILVA
Justice

Delivered and filed on the
18th day of September, 2023.

12